USCA1 Opinion

 

 March 9, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1560 No. 92-2245 MILTON NELSON-RODRIGUEZ, Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ ERRATA SHEET November 18, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1560 No. 92-2245 MILTON NELSON-RODRIGUEZ, Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT -2- FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Maria H. Sandoval for petitioner. _________________ Lena D. Mitchell, Criminal Division, Narcotic and Dangerous Drug ________________ Section, Department of Justice, with whom Robert S. Mueller, III, _______________________ Assistant Attorney General, Mary Lee Warren, Chief, Criminal Division, _______________ Narcotic and Dangerous Drug Section, Department of Justice, and Daniel F. Lopez-Romo, United States Attorney, were on brief for the ____________________ United States. ____________________ ____________________ -4- Per Curiam. Appellant Milton Nelson-Rodriguez ___________ appeals from the judgment of the United States District Court for the District of Puerto Rico dismissing his motion for post-conviction relief filed pursuant to 28 U.S.C. 2255. Appellant had earlier been sentenced to fifteen years imprisonment after pleading guilty to a violation of 21 U.S.C. 848 under a plea agreement dated May 27, 1986. Proceeding pro se, appellant sought to have his ___ __ sentence vacated, alleging the ineffective assistance of counsel. A magistrate issued a report and recommendation on March 14, 1991, recommending the dismissal of appellant's section 2255 motion. The magistrate's report and recommen- dation contained an express warning that appellant had ten days within which to file any objections thereto, and that failure to file timely objections would waive his right to obtain review. See Dist. Ct. Puerto Rico Local Rule 510.2; ___ United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. ______________ _______________ 1986).1 Appellant secured an attorney who successfully moved for an extension of the ten-day deadline. The district ____________________ 1. We do not consider appellant's contention that Local Rule 510.2 is unconstitutional despite the Supreme Court's holding to the contrary in Thomas v. Arn, 474 U.S. 140 (1985) ______ ___ because appellant merely asserts, without any developed argument, that it is "inconceivable" that such a rule could be constitutional. See Brown v. Trustees of Boston Univ., ___ _____ _________________________ 891 F.2d 337, 352 (1st Cir. 1989) (issues raised but not supported by argument in appellant's brief are deemed abandoned). -5- court granted two more extensions, making June 24, 1991, the final deadline for filing of objections. However, appellant's objections were not filed in the district court until November 19, 1991, more than four months after the expiration of the final extension. The district court denied appellant's motion to file his objections out of time, explaining that the court had already granted numerous extensions and rejecting counsel's various excuses for failing to make any appearance or motion before the court between June 24 and November 19. We find no abuse of discretion in the district court's denial of appellant's motion to file his objections to the magistrate's report and recommendation after the final deadline expired. While procedural defaults may be excused "in the interests of justice," Thomas v. Arn, 474 U.S. 140, ______ ___ 155 (1985), the district court properly concluded that appellant's counsel offered no acceptable reason for the four-month delay. We have considered appellant's contentions in light of the record, and can see no miscarriage of justice. Appellant does not claim he was innocent; he was fully instructed as to the consequences of pleading guilty; he received the very sentence which the prosecution agreed to recommend to the court; and while appellant now insists that had his attorney rendered accurate advice he would not have agreed to so high a sentence, the sentence awarded was not so -6- obviously out of line, given appellant's very substantial criminal activity, as to suggest anything approaching a miscarriage of justice. Affirmed. ________ -7-