**JOE HAND PROMOTIONS, Plaintiff,**

v.

**BURG'S LOUNGE, et al., Defendants.**

**Civil Action No. 96–6142.**

United States District Court,
E.D. Pennsylvania.

March 4, 1997.

Richard A. Lefchak, Goldman and Goldman, Philadelphia, PA, Stephen P. Patrizio, Philadelphia, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

This is an action for statutory damages pursuant to 47 U.S.C. § 605 for the unlawful exhibition for commercial advantage of the closed circuit television signal of the August 19, 1995 Tyson–McNeely boxing event (the "Event"). Plaintiff Joe Hand Promotions ("Plaintiff") filed this action against thirty-seven defendants (various taverns and their respective owners) on September 9, 1996. On November 25, 1996, Plaintiff moved for the entry of default and default judgment against seven defendants for failure to appear, answer or otherwise defend the Complaint. Plaintiff's motions were granted as to six of these defendants (collectively the "default defendants")[1] by Order dated January 6, 1997. The allegations against the default defendants are thus deemed admitted. On January 23, 1997, a hearing was held to assess the damages to be awarded against the default defendants. We decide this matter today.

Section 605(a) provides in pertinent part that

> [n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.... No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall ... use such communication (or any information therein contained) for his own benefit or the benefit of another thereto.

47 U.S.C. § 605(a).[2] Plaintiff's motions for default judgment request damages for two

Alan Gelb, Law Offices of Alan Gelb, Cherry Hill, NJ, for Plaintiff.

---

1. The default defendants are Byzantine Holdings, Inc., Charles S. Raday, Jr., Bob's 2442, Inc., Patricia Jasinski, Robert Jasinski, and Te's Scranton bar.

2. This statute has been held to apply to the unauthorized publication of a cable television broadcast which originated as a radio transmission. *International Cablevision, Inc. v. Sykes,* 75 F.3d 123 (2d Cir.), *cert. denied sub nom., Noel v.*

violations of § 605(a), namely, for both the interception of the signal and exhibition of the Event. In its Complaint, however, Plaintiff alleges only that

> [w]ith full knowledge that the [Event was] not to be received and exhibited by entities unauthorized to do so, agents, servants, workmen or employees of the Defendants did exhibit the [Event] ... at the time of its transmission wilfully and for purposes of direct or indirect commercial advantage or private financial gain.

(Complaint, ¶ 10). We find that this allegation states a claim for the unlawful exhibition only. *See Cablevision Systems v. 45 Midland Enterprises, Inc.*, 858 F.Supp. 42, 43 (S.D.N.Y.1994) ("A default judgment entered on well-pleaded allegations of a claim establishes a defendant's liability."). Indeed, the Complaint itself seeks damages only for "willful violation" (singular) of the statute, as well as fees and costs. (Complaint, ¶¶ 14–15). We therefore award damages for the exhibition claim only.

Under § 605(e)(3), an aggrieved party may recover either actual damages or "statutory damages for each violation of subsection (a) ... in a sum not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Further, where "the court finds that the violation was committed willfully and for purposes of direct and indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section." 47 U.S.C. § 605(e)(3)(C)(ii). Finally, the court "shall direct the recovery of full costs, including awarding attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). The award of costs is made mandatory by use of the word "shall" in the statute.

 As noted *supra*, Plaintiff requests statutory damages in this case. Specifically, Plaintiff seeks $20,000 per defendant per unlawful exhibition of the Event, plus fees and

*International Cablevision, Inc.,* — U.S. —, 117 S.Ct. 298, 136 L.Ed.2d 217 (1996); *but see Unit-*

costs. We find this amount to be unwarranted in the absence of evidence suggesting especially egregious circumstances. *See, e.g., Joe Hand Promotion v. 4300, Inc. t/a Grady's Lounge,* 1995 WL 115405 (E.D.Pa. March 16, 1995); *Wade Communications Partnership v. Grant,* 1995 WL 217624 (E.D.Pa. April 12, 1995). We therefore exercise our discretion under the statute to enter judgment against each of the default defendants for $1,000 pursuant to § 605(e)(3)(C)(i)(II) and an additional $1,000 pursuant to § 605(e)(3)(C)(ii). If any party can demonstrate why the judgments should be more or less, such party may file the appropriate Rule 59(e) motion. Plaintiff is also granted leave to submit affidavits detailing fees and costs.

*ed States v. Norris,* 88 F.3d 462 (7th Cir.1996).