**JOE HAND PROMOTIONS, Plaintiff,**

v.

**BURG'S LOUNGE, et. al., Defendants.**

**No. CIV. A. 96–6142.**

United States District Court,
E.D. Pennsylvania.

April 27, 1998.

Alan Gelb, Law Offices of Alan Gelb, Cherry Hill, NJ, for Plaintiff.

Kenneth R. Schuster, Marc D. Ippoliti, Law Offices of K. Schuster, Media, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

On September 9, 1996, Plaintiff, Joe Hand Promotions, filed a complaint against numerous defendants alleging violations of 47 U.S.C. § 605 in connection with the broadcast of the August 19, 1995, World Heavyweight Championship bout between Mike Tyson and Peter McNeeley, which included undercard bouts as well as the Tyson/McNeeley bout. Plaintiff filed an amended complaint on September 15, 1997, adding a count for violation of 47 U.S.C. § 553. During the course of the proceedings, default judgment was entered against many of the defendants and other defendants settled and stipulated to consent judgments. However, two defendants, Nicky D's and Nick DeGregorio, proceeded to trial on October 9, 1997.[1] Following the trial on October 9, 1997, and plaintiff's proposed findings of fact and conclusions of law, the Court makes the following:

## FINDINGS OF FACT

1. Plaintiff, Joe Hand Promotions, is a corporation organized under the laws of Pennsylvania with its principal place of business at 407 E. Pennsylvania Blvd., Feasterville, PA 19053 and is in the business of selling and distributing sports programming to commercial establishments. (Pl.'s Complaint ¶ 1 and Pl.'s Findings of Fact).

2. Defendant, Nicky D's, is a business entity having its principal place of business at 3050 Frankford Avenue, Philadelphia, Pennsylvania, and Defendant, Nick DeGregorio, is a principal of Nicky D's. (Pl.'s Amended Compl. at ¶¶ 7 & 8).

3. Plaintiff had an exclusive grant of rights by Don King Productions/Kingvision to exhibit the August 19, 1995, World Heavyweight Championship bout between Mike Tyson and Peter McNeeley to commercial establishments in a territory that encompassed the state of Pennsylvania. This Pay–Per–View Event (the "Event") also included undercard bouts including the Gonzalez/Murphy fight. Id. at ¶ 10.

4. The Event was to be broadcast via closed circuit television and via encrypted satellite signal. The Event originated via satellite uplink from Las Vegas, Nevada and was subsequently retransmitted to cable systems and satellite companies via satellite signal. Id.

5. Commercial establishments can legally obtain permission to receive and exhibit the programming through use of cable television or a satellite dish by paying the required

---

1. Two days prior to trial, defendants' attorney wrote a letter to the Court indicating that neither the defendants nor their counsel would appear at trial.

subscription fees. (Pl.'s Findings of Fact at p. 3; testimony of Joe Hand).

6. Plaintiff hired James Griffies, Jr., a private investigator, to police the Philadelphia market on August 19, 1995, the night of the Tyson/McNeeley bout, to ensure that commercial establishments who had not paid the required subscription fee were not receiving and exhibiting the Event. Id. at 1 & 4; (Affidavit of James Griffies, Jr.).

7. On August 19, 1995, Mr. Griffies was a patron of Nicky D's. Id.

8. While at Nicky D's on August 19, 1995, Mr. Griffies viewed a segment of the Gonzalez/Murphy undercard bout which was part of the Pay–Per–View Event. Id.

## DISCUSSION

*I. Liability*

Plaintiff's amended complaint seeks relief for violations of 47 U.S.C. §§ 553 and 605. Section 553 provides relief for the unauthorized reception of cable services and section 605 provides relief for the unauthorized reception and publication of wire and radio communications.

▮ There has been much discussion concerning the applicability and the interplay of these two sections of the Communications Act. These discussions focus largely on what specific activity each section applies to and how to reconcile any potential overlap in the provisions. Although the Third Circuit has not specifically addressed this question, many district courts, including some in this district, have adopted the rationale of the Seventh Circuit in *United States v. Norris*, 88 F.3d 462 (7th Cir.1996). *See Joe Hand Promotions, Inc. v. Rennard Street Enterprises*, Inc., 954 F.Supp. 1046, 1050–54 (E.D.Pa.1997); *TWC Cable Partners v. Cableworks, Inc.*, 966 F.Supp. 305 (D.N.J.1997). In *Norris*, the Seventh Circuit determined, after a thorough review of both the plain language of the statutory provisions and the relevant legislative history, that "cable television programming transmitted over a cable network is not a 'radio communication' as defined in § 153(b), and thus its unlawful

interception must be prosecuted under § 553(a) and not § 605." 88 F.3d at 469. We will adopt the rationale of the Seventh Circuit in *Norris*. Thus, we find that § 553 is applicable when the signal is intercepted from the coaxial cable directly and that § 605 is applicable when the signal is intercepted directly from the satellite transmission.[2]

Plaintiff's amended complaint provides that defendants:

> [w]ith full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees of the defendant did unlawfully intercept, receive, and/or descramble said satellite signal and did exhibit the Program at the above captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

(Pl.'s Compl. at ¶ 13). *See also* (Pl.'s Compl. at ¶ 28). We find that the language of the amended complaint triggers application of § 605 rather than § 553. *See Joe Hand Promotions v. Rennard Street Enterprises, Inc.*, 975 F.Supp. 746, 751 (E.D.Pa.1997) (finding that this exact language stated a cause of action under § 605 rather than § 533).

▮ Section 605(a) provides in pertinent part that:

> [n]o person not being authorized by the sender shall intercept any radio communication and divulge or intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person .... No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall ... use such communication (or any information therein contained) for his own benefit or the benefit of another thereto.

---

2. This finding is not meant to limit § 553 or § 605's applicability to other forms of transmissions. These findings are only relevant to the

facts before us which involve either transmission through coaxial cable or satellite signal.

47 U.S.C. § 605(a). Plaintiff's complaint seeks recovery for two violations of subsection (a), one for reception of the Pay–Per–View Event and one for exhibition of the Event. The record before us indicates that defendants both received and exhibited the Event. In preliminary pleadings defendants denied that the Event was shown at their establishment on the evening in question. However, plaintiff has presented this Court with an undisputed affidavit of a private investigator, James Griffies, Jr., who indicates he was present at Nicky D's and viewed a portion of the undercard bout that was part of the August 19, 1995 Event. Defendants did not present any evidence at trial or otherwise to dispute this affidavit. Thus, we find that defendants are liable for two violations of § 605(a).[3] The only question that remains is that of damages.

*II. Damages*

■ Plaintiff has requested statutory damages for the maximum amount recoverable under the statutory scheme and attorney's fees and costs. Under 47 U.S.C. § 605(e)(3)(C)(i)(II), an aggrieved party may recover "statutory damages for each violation of subsection (a) . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just." Further, if

> the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

47 U.S.C. § 605(e)(3)(C)(ii). Finally, the court "shall direct the recovery of full costs, including awarding attorneys' fees to an aggrieved party who prevails." 42 U.S.C. § 605(e)(3)(B)(iii).

We have found that defendants are responsible for two violations of subsection (a), one for intercepting the satellite signal and one for exhibiting the Event. We further find that plaintiff has not presented evidence of

egregious circumstances to warrant an award higher than the $1,000 minimum statutory amount. Thus, we will award $1,000 for each violation of § 605(a) pursuant to § 605(e)(3)(C)(i)(II), for a total of $2,000.

■ Further, we find that additional damages in the amount of $500 for each violation of subsection (a) is warranted under § 605(e)(3)(C)(ii). We will award this additional amount because plaintiff has represented to the Court that defendants have been found in violation of these statutory provisions previously. However, other than that representation, plaintiff has provided no further evidence to suggest that the statutory damages should be increased. Plaintiff presented no evidence of whether defendants advertised the exhibition, whether they charged a cover charge or in any other way made extra money from the exhibition, how many patrons were in the bar at the time of the exhibition, or whether the bar did more business as a result of the exhibition. As this Court has held previously in this case, absent evidence of egregious circumstances, the Court finds a greater award of damages unwarranted. *See Joe Hand Promotions v. Burg's Lounge*, 955 F.Supp. 42, 44 (E.D.Pa. 1997); *see also Joe Hand Promotions, Inc. v. D.M.B. Ventures, Inc.*, 1995 WL 683847, *2–*3 (E.D.La.)(discussing the kind of evidence that warrants an award of a greater amount under § 605(e)(3)(C)(ii)).

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter and the parties to this action pursuant to 28 U.S.C. § 1331.

2. Plaintiff has established that defendants, Nicky D's and Nick DeGregorio, violated 42 U.S.C. § 605, but not 42 U.S.C. § 553.

3. Plaintiff has presented sufficient evidence to prove one violation of 42 U.S.C. § 605(a) through intercepting/receiving the satellite signal. This was established through the testimony of Joe Hand that de-

---

3. In Count II of plaintiff's amended complaint, plaintiff alleges that "Defendants . . . modified device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home

satellite services . . . ." *See* (Pl.'s Amended Compl. at ¶ 21). With this language, plaintiff is attempting to bring a claim under 42 U.S.C. § 605(e)(4). However, plaintiff presented no evidence to support this claim, thus we do not find a violation of this provision.

fendants were not authorized to receive the Event and the testimony of James Griffies, Jr. that he saw the Event exhibited in the commercial establishment.

4. Plaintiff has presented sufficient evidence to prove a second violation of 42 U.S.C. § 605(a) through exhibition of the event in the commercial establishment, again established through Mr. Griffies affidavit testimony that he saw the event exhibited throughout the establishment.

5. Plaintiff has presented sufficient evidence to establish that these were willful violations by defendants, especially in light of the fact that defendants had illegally intercepted and exhibited another Pay–Per–View Event promoted by Joe Hand in the past.

6. Pursuant to 42 U.S.C. § 605(e)(3)(C)(i)(II), plaintiff is awarded damages in the amount of $1,000 for each violation of subsection (a). Plaintiff is therefore awarded a total of $2,000 under § 605(e)(3)(C)(i)(II).

7. Pursuant to 42 U.S.C. § 605(e)(3)(C)(ii), plaintiff is awarded additional damages in the amount of $500 for each violation of subsection (a) due to the willfulness of defendants' actions. Plaintiff is therefore awarded a total of $1000 under § 605(e)(3)(C)(ii).

8. Plaintiff has not presented sufficient evidence to sustain recovery under 42 U.S.C. § 605(e)(4).

9. Pursuant to 42 U.S.C. § 605(e)(3)(B)(iii), plaintiff shall recover full costs and reasonable attorney's fees.

An appropriate Order follows.

### ORDER

AND NOW, this 27th day of April, 1998, upon consideration of evidence presented at trial on October 9, 1997, and Plaintiff's proposed findings of fact and conclusions of law, it is hereby ORDERED, in accordance with the foregoing memorandum, as follows:

1. Plaintiff is AWARDED $2,000 in damages against defendants, Nicky D's and Nick DeGregorio's, for their violation of 42 U.S.C. § 605(a) pursuant to § 605(e)(3)(C)(i)(II).

2. Plaintiff is AWARDED $1,000 in damages against defendants, Nicky D's and Nick DeGregorio, for the willfulness of their viola-

tions of § 605(a) pursuant to 42 U.S.C. § 605(e)(3)(C)(ii).

3. Plaintiff is granted leave to file a petition for costs and attorney's fees within twenty (20) days of the entry date of this Order.