Gelb Sports v. Auer, et al.          CV-99-458-B    03/13/00

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Gelb Sports & Entertainment

　　　v.                                  Civil No. 99-458-B
                                         Opinion No. 2000 DNH0 64
Robert L. Auer, et al.



### REPORT AND RECOMMENDATION

Plaintiff's suit alleges that defendants "pirated" the

closed circuit Holyfield/Mercer heavyweight match on May 20,

1995.  Plaintiff, according to its President, is a "small family

business," does not have great hope of collecting its judgment,

and has been granted its request to determine damages on its

papers (document no. 9).  Defendants have defaulted.

### Facts

Plaintiff had the rights of distribution of the

Holyfield/Mercer fight program on closed circuit television and

by encrypted satellite signal.  Defendant Auer is the principal

of defendant "69 Main Street Restaurant Corp."  Plaintiff alleges

that defendants intercepted, or "pirated", the fight program for

private financial gain.  Defendants defaulted and further ignored

the motion for default. Plaintiff has not shown any actual damages but has proved legal fees and costs of $1,928.20 per defendant. Plaintiff seeks statutory damages in the sum of $10,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and punitive statutory damages of $100,000 under 47 U.S.C. § 605(e)(3)(C)(ii). Without showing any basis for it plaintiff seeks interest at the rate of 9% from May 20, 1995.

## Discussion

Plaintiff has the option to elect between actual and statutory damages under 47 U.S.C. § 605(e)(3)(C)(i) and to receive punitive damages if the violation was willful or for private financial gain under 47 U.S.C. § 605(e)(3)(C)(i). The statutory damages are $1,000 to $10,000 "as the Court considers just" and punitive damages of not more than $100,000 per violation are permitted.

Plaintiff requests the maximum statutory damages of $10,000 and punitive damages of $100,000 against each defendant. Distilled to its essence plaintiff offers three reasons for seeking maximum statutory and punitive damages. Such an award,

2

plaintiff contends, provides restitution for its unspecified losses, it deters similar piracy in New Hampshire and it punishes the willful violation inferred from the default.

Plaintiff has offered very few facts upon which to base a "just" award or upon which to exercise discretion. For example, in this case I cannot recommend damages based upon "the number of persons viewing the program, the number of televisions used to show the program, or because an admission or cover charge was imposed." Event Entertainment, Inc. v. DeDios, 1999 WL 447102, at *4 (D.N.J.). Unlike Mr. Gelb's allegations in the Event Entertainment case there is no allegation that defendants here are repeat offenders. Id. ($5,000 in damages awarded because of repeat violation). Plaintiff's filings provide no specific information as to how the pirating took place, whether the defendant is a bar, a restaurant, or both, how many of defendant's employees or patrons watched the fights, whether they were charged, or even how plaintiff knows of the pirating.

In fact, although the complaint purports to be verified, the verification is by counsel who acknowledges that it is based upon

3

hearsay. A verified complaint has the effect of an affidavit as to matters within personal knowledge. See Ford v. Wilson, 90 F.3d 245 (7th Cir. 1996). The affidavit in support of the "Notice of Motion for Default" (document no. 6) is another "hearsay" affidavit by plaintiff's counsel. In effect, there are no sworn facts upon which to determine a "just" award. Instead, discretion must be exercised in the setting of defaulted (and thus admitted) bare bones allegations.

Most of these cases appear to result in the minimum statutory damages, even where some specific facts are available. See Home Box Office v. Carlim, Inc., 838 F. Supp. 432 (E.D.Mo. 1993) ($1,000 statutory damages, reasonable attorney's fees and post-judgment interest); Joe Hand Promotions v. Burg's Lounge, 955 F. Supp. 42 (E.D.Pa. 1997) ($1,000 statutory damages and $1,000 willful penalty); Don King Productions/Kingvision v. Maldonado, 1998 WL 879683 (N.D. Cal.) ($1,000 statutory damages and $2,500 willful penalty). In most of the pay-per-view cases where higher damages were awarded including the pay-per-view case

4

cited by plaintiff[1], the court had some specific facts to inform it in exercising its discretion.

Without any specific information on the plaintiff or defendant and, with no specific facts on the violation, a just result is to award statutory minimum damages, attorney's fees and post-judgment legal interest.  The principal of plaintiff has sworn that the chances of collecting even his travel expenses for a damages hearing are minimal (document no. 9, affidavit). Defendants, it may be inferred, are unable to respond to any punitive award.  I recommend that plaintiff be awarded as against each defendant the sum of $1,000 statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II), no punitive damages under 47 U.S.C. § 605(e)(3)(C)(ii), and $1,928.20 as fees and costs.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of

---

[1] Cablevision Systems New York City Corporations v. Faschitti, 1996 WL 48689 (S.D.N.Y.).

Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valecia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: March 13, 2000

cc:    Wayne D. Lonstein, Esq.