[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 02-1275

ROBERT R. GIRARD,

Plaintiff, Appellant,

v.

DONALD W. WYATT DETENTION FACILITY INCORPORATED, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Robert Girard on brief pro se.
Dennis T. Grieco II and Gidley, Sarli & Marusak, LLP on brief for non-party appellees Central Falls Detention Facility Corporation, Cornell Corrections of Rhode Island, Inc. and Cornell Companies, Inc.

November 5, 2002

**Per Curiam**.  From August 1995 to February 1996, pro se plaintiff Girard was an inmate at the Donald W. Wyatt Detention Center ("Wyatt").  Wyatt is a correctional facility owned by the Central Falls Detention Facility ("CFDF"), a public corporation controlled by the City of Central Falls, and operated by Cornell Corrections of Rhode Island ("CCRI"), a private corporation controlled by Cornell Companies, Inc. ("CCI"), itself a private corporation.  Girard allegedly filed a complaint with the district court against Wyatt on December 4, 1997.  The district court, however, has no record of this complaint, and Girard makes no claim that service of process was ever executed with respect to the 1997 complaint on Wyatt, CFDF, CCRI, CCI or entities related to them.

Nothing happened for more than two years, until Girard wrote to the district court in March 2000 to inquire about the status of his 1997 complaint.  The court informed Girard that it had no record of the 1997 complaint, but invited him to refile a "new case."  He did so on April 18, 2000, paid the filing fee on April 24, 2000, and service of process was executed on the warden of Wyatt on June 1, 2000.  His complaint alleged various civil rights violations under 42 U.S.C. §§ 1981, 1983, 1985 (2000), and asked for damages in the amount of $100,000.

The applicable Rhode Island statute of limitations is three years, R.I. Gen. Laws § 9-1-14, and (absent tolling) would have expired in February 1999.  With his re-filed complaint, Girard

-2-

made a self-styled "nunc pro tunc" motion to treat his 2000 filing as timely because of the alleged clerical error in mishandling his 1997 complaint. In support of the motion, he included a copy of the certified mail return receipt indicating delivery to the district court on December 4, 1997. The district court denied the motion "without prejudice to renew the motion if and when the defendants are served and file a motion to dismiss on statute of limitations grounds."

CCRI, a self-styled "non-party" to the action, made a Rule 12(b)(6) motion in June 2000 to dismiss Girard's 2000 complaint as untimely. Girard filed objections, apparently relying on the "without prejudice" language in the district court's denial of his nunc pro tunc motion. The Rule 12(b)(6) motion was referred to a magistrate judge, who issued a report on February 5, 2001 recommending dismissal. The magistrate reasoned that the certified mail return receipt did not show that the mailing actually included a complaint, and, in any case, Girard had abandoned his suit by failure to prosecute. Girard objected to the report, arguing, inter alia, that R.I. Gen. Laws § 9-1-19 (as it existed prior to its amendment in July 2001) tolled the statute of limitations for prisoners. The district court did not address the tolling argument, but sustained Girard's objections, explaining that there was a question of fact whether Girard had filed a timely complaint in 1997.

On remand to the magistrate judge, Girard moved on March 27, 2001, to amend the complaint to add CFDF, CCRI and CCI as defendants, and to increase the amount of damages to $500,000. The parties sought to be added objected, and again the magistrate judge issued a memorandum and order on May 7, 2001, denying the motion to amend. The magistrate judge treated the date of the original filing as December 4, 1997, but found that the three-year statute of limitations had expired before Girard sought to add the new parties. The magistrate judge then found that the requirements for relation back under Rule 15(c)(3) were not met because none of the proposed defendants had knowledge of the complaint within the time period allowed by Rule 4(m), which is 120 days. Girard filed his objections on May 15, 2001, arguing that the requirements of Rule 4(m) had in fact been satisfied. The district court accepted the magistrate's recommendation denying the motion to amend on June 18, 2001.

On January 8, 2002, the district court issued a show cause order, directing Girard to show "why this case should not be dismissed for failure to name a legal entity in the complaint." In response, Girard argued that Wyatt is a suable legal entity and that, in the interest of justice, he should be allowed to amend his complaint. On February 11, 2002, the district court entered an order dismissing the complaint, and this appeal followed.

-4-

On appeal, Girard continued to press the arguments that failed him below: namely (1) that Wyatt is a suable entity, and (2) the requirements of Rule 15(c)(3) were satisfied. These contentions are without merit. Wyatt is merely the name of the building in which Girard was detained, not a suable legal entity. Moreover, no service of process on a properly suable party was executed until June 2000, well after the allowable time under Rule 4(m) had expired. Service would be timely executed with respect to the 2000 complaint, but there the predicate complaint itself was out of time.

In his reply brief on appeal, Girard again argued that R.I. Gen. Laws § 19-1-9 would make his attempted amendment timely, because his continuous imprisonment since his stay at Wyatt would toll the statute of limitations. Under both the applicable statute and the District of Rhode Island's local rules, however, Girard must object to the magistrate's report in order to preserve his arguments in the district court and on appeal. 28 U.S.C. § 636(b)(1) (2000); D.R.I. Local R. 32(b). This is so in order that the district judge may "focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). Although Girard raised the tolling argument in objecting to the magistrate judge's February order, he failed to pursue that argument after the district judge sustained his objections on other grounds and remanded the matter

-5-

back to the magistrate judge. Just like an argument once raised on appeal but not pressed again on remand or on a subsequent appeal, the tolling argument is now forfeited. Cf. id. at 148 (applying the rationale of appellate waivers to the Federal Magistrate Act).

Our special solicitude toward pro se litigants is not a license for disregarding long established procedural rules. Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 504, 506 (1st Cir. 1994). Where (as here in the May 2001 order) the magistrate judge failed to notify a pro se plaintiff of the possibility of forfeiture, we have excused default. United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986). However, Valencia itself makes clear that relief is provided for untimely objections, not for arguments that were not raised in the district court at all. Id. at 5-6. Here, after the matter was remanded back to the magistrate judge, Girard never mentioned the tolling argument again, whether in his motion to amend, his opposition to the motion to dismiss, his brief in response to the show cause order, or his opening brief to this court. His attempt now to revive this argument in his reply brief comes simply too late. Keeler v. Putnam Fiduciary Trust Co., 238 F.3d 5, 10 (1st Cir. 2001).

Of course, even forfeited errors are subject to review for plain error, but the plain error standard is stringent, United States v. Olano, 507 U.S. 725, 732-35 (1993), and relief in civil

cases is exceedingly rare, <u>Chestnut</u> v. <u>City of Lowell</u>, 305 F.3d 18, 20 (1st Cir. 2002) (en banc). Even assuming <u>arguendo</u> that the Rhode Island statute may apply, this case does not involve a miscarriage of injustice.

<u>Affirmed</u>.