UNITED STATES of America, Appellee,

v.

Emiliano VALENCIA–COPETE, Defendant, Appellant.

No. 85–1674.

United States Court of Appeals, First Circuit.

Argued March 4, 1986.

Decided May 29, 1986.

Judith Farris Bowman, with whom Bowman & Bowman, Cambridge, Mass., was on brief, for defendant, appellant.

Charles E. Fitzwilliam, Asst. U.S. Atty., with whom Daniel F. Lopez-Romo, U.S. Atty., Hato Rey, P.R., was on brief, for appellee.

Before CAMPBELL, Chief Judge, COFFIN, Circuit Judge, and PETTINE,* Senior District Judge.

PER CURIAM.

Defendant-appellant withdrew his plea of not guilty and entered a plea of guilty to aiding and abetting possession with intent to distribute marijuana on board a vessel of the United States. He did so, relying on the promise of the Assistant United States Attorney to recommend that he be sentenced to no more than time already served. At the change of plea hearing appellant indicated that he knew that the judge was not "involved" in this recommendation and the judge specifically informed appellant that he was not bound by any recommendation and could sentence him up to the maximum period permitted by law. Ultimately the judge, noting a reference in the pre-sentence report to prior violations, sentenced appellant to a term of four years plus a special parole term of three years.

Appellant filed a petition to vacate sentence under 28 U.S.C. § 2255 on the ground "that the U.S. District Court failed to comply with the agreement that was made.... [and] that I pleaded guilty only because I was promised, that I would not serve any time." A magistrate's report, based on transcripts of the change of plea and sentencing hearings, recommended that the petition be dismissed, notifying the parties, in accordance with the district court's local rule, that they "have ten days to file any opposition". A month and a half later,[1] the district court, 612 F.Supp. 1156, in the absence of any opposition, and relying on our rulings in *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980), and *United States v. Escoboza Vega*, 678 F.2d 376, 379 (1st Cir.1982), adopted the magistrate's conclusions. It added that it was convinced that a court's rejection of a prosecutor's sentencing recommendation gave rise to no right of a defendant to withdraw a guilty plea, particularly where the defendant was informed of the nonbinding nature of any recommendation. Appellant sent a handwritten note to the district court stating that he planned to appeal its decision, again on the sole ground that "my plea was based on the 'promise' made by the U.S. Attorney."

■ Appellant's brief on appeal is devoted to two issues: first, a challenge under Fed.R.Crim.P. 11 to the adequacy of inquiries of the voluntariness and intelligence of appellant's guilty plea; and, second, a challenge to the denial of his petition without a hearing. These issues, however, not having been raised in the district court, cannot be considered on appeal. *Cohen v. President and Fellows of Harvard College*, 729 F.2d 59 (1st Cir.1984); *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890 (1st Cir.1979). Although the Rule 11 inquiries may have left something to be desired, and even have been inadequate, our review of the evidence, together with the certification

* Of the District of Rhode Island, sitting by designation.

1. The court noted in its opinion that, because appellant had filed his § 2255 petition *pro se,* it had reserved its ruling for much longer than the ten days customarily allowed for the filing of opposition.

of appellant's attorney, convinces us that this is not one of the "horrendous" cases where a miscarriage of justice might have occurred. *Id.* at 894.

The one substantive issue before us is whether appellant is entitled to withdraw his guilty plea because the judge refused to accept the prosecutor's recommendation. As to this, the government claims that the appellant waived the issue by not objecting to the magistrate's report and recommendation.

■ The district court for the District of Puerto Rico has adopted in substance the relevant section of the Federal Magistrate's Act, 28 U.S.C. § 636(b)(1). Puerto Rico District Court Rule 510.2, in its pertinent part, states as follows:

"Any party may object to a Magistrate's proposed findings, recommendations or report ... within ten (10) days after being served with a copy thereof, unless a different period of time is prescribed by the Magistrate or a Judge. Such party shall file with the Clerk of the Court, and serve on the Magistrate and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections. Any party may respond to another party's objections within ten (10) days after being served with a copy thereof, unless the time is shortened by the Magistrate or the Judge. A Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate."

In *Park Motor Mart,* 616 F.2d at 605, and *Escoboza Vega,* 678 F.2d at 379, we held that a party waived his right to a *de novo* review of a magistrate's report by failure to file objections within ten days. Since these rulings, the Supreme Court has pronounced itself on this waiver issue in

*Thomas v. Arn,* —— U.S. ——, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985) as follows:

"We hold that a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired. Such a rule, at least when it incorporates clear notice to the litigants and an opportunity to seek an extension of time for filing objections, is a valid exercise of the supervisory power that does not violate either the Federal Magistrates Act or the Constitution."

The magistrate's report in *Thomas* contained, on the last page of his report, the following notice, *id.* at 469:

"ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. See: *United States v. Walters,* 638 F.2d 947 (6th Cir.1981)."

Exercising our supervisory power, we deem that the fairer course, whether or not compelled by *Thomas,* is to give clear notice to litigants not only of the requirements that objections must be specific and be filed within ten days (*see* Rule 510.2, *supra*), but that failure to file within the time allowed waives the right to appeal the district court's order. In order to be sure that such notice is given to *pro se* litigants, these matters should not only be incorporated into a local rule but should be, as in *Thomas v. Arn,* incorporated into the text or a footnote of the magistrate's report and recommendation.[2] We accordingly urge all district courts within the First Circuit to institute any needed rule changes as soon as feasible, but require all magistrates henceforth to include in their reports the kind of notice we have described.

■ Under the circumstances of this particular case, where appellant, at all rele-

2. It would be well for the local rule to mention this requirement.

vant times, was acting *pro se*, we hold that he did not waive the single issue on which he appealed. But this avails him nothing because, as the district court noted, our cases clearly bar any relief merely because a judge refuses to accept the sentence recommendations of a prosecutor, so long as the defendant has not been misled. *United States v. Khoury*, 755 F.2d 1071, 1073 n. 1 (1st Cir.1985); *United States v. Keefe*, 621 F.2d 17, 19 n. 1 (1st Cir.1980); *United States v. Incrovato*, 611 F.2d 5, 6–7 (1st Cir.1979).

*Affirmed.*