915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Flora CRESPO, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 90-1124.
 United States Court of Appeals, First Circuit.
 July 16, 1990.
 
 Appeal From The United States District Court For The District Of Puerto Rico, Juan M. Perez-Gimenez, District Judge.
 Aurelio Saliva-Mattei on brief, for appellant.
 Daniel F. Lopez-Romo, United States Attorney, Jose Vazquez Garcia, Assistant U.S. Attorney, and Robert J. Triba, Assistant Regional Counsel, Department of Health and Human Services, on brief, for appellee.
 D.P.R.
 AFFIRMED.
 Before BREYER, Chief Judge, and CAMPBELL and CYR, Circuit Judges.
 Per Curiam.
 
 
 1
 Claimant, Flora Crespo, appeals from the judgment of the district court affirming the decision of the Secretary of Health and Human Services that she is not disabled.
 
 
 2
 During the proceedings in the district court, the matter was referred to a magistrate for a report and recommendation on the question whether claimant's complaint should be dismissed. He recommended dismissal based on a finding that the Secretary's decision was supported by substantial evidence. In the report, the magistrate specifically warned the parties that failure to file objections to the report within ten days waives the right to appeal the district court's order. Claimant did not file any objections to the report. The district court subsequently adopted the magistrate's recommendation and dismissed claimant's complaint.
 
 
 3
 Due to claimant's failure to file objections, we affirm the judgment of the district court. Should claimant have wished to preserve her right to an appeal, she was under a clear obligation to file such objections to the magistrate's report and recommendation. See United States v. Valencia-Copete, 792 F.2d 4, 5-6 (1st Cir.1986) (per curiam ).
 
 
 4
 We add that we have read over the record and briefs and are satisfied that, at very least, the Secretary's decision does not constitute a manifest miscarriage of justice.