Mitchell v. USA                    CV-97-452-JD  10/20/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

James R. Mitchell

   v.                                        Civil No. 97-452-JD

United States of America, et al.


**REPORT AND RECOMMENDATION**

Pro se plaintiff James R. Mitchell has brought suit against the U.S. Department of Labor ("USDL") to enforce a March 8, 1997, settlement agreement reached between himself and USDL that resolved an employment discrimination suit previously brought in this court. See case no. 95-255-B. The complaint is before me pursuant to LR 4.3(d)(1) to determine whether this court has subject matter jurisdiction over the action. For the reasons stated below, I find no subject matter jurisdiction, and recommend that the action be dismissed without prejudice.

This suit arises from the defendant's alleged breach of a settlement agreement that resolved an employment discrimination suit brought by Mr. Mitchell against USDL under the Rehabilitation Act of 1973, 29 U.S.C. § 791. That suit ended with a stipulation for dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii). Neither the stipulation nor the subsequent judgment of the court incorporated the terms of the settlement agreement. Mr. Mitchell alleges that pursuant to the settlement agreement, USDL was to grant him "back pay" and annual

and sick leave for the period from April 22, 1994, to March 17, 1997. He further states that he received a payment from USDL in August, 1997, but that the payment covered only a portion of entire amount due. He now seeks the remaining balance, which he does not disclose in the pleadings. In addition, he seeks consequential and punitive damages in the amount of $50,000.

Federal courts are courts of limited jurisdiction, and the burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. See Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 376 (1994); Bender v. Williamsport School District, 475 U.S. 534, 541 (1986). See generally McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936); Turner v. President of Bank of North America, 4 U.S. (4 Dall.) 8, 11 (1799). The narrowness of federal subject matter jurisdiction is especially apparent when the United States is defendant. "The United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit.'" United States v. Teston, 424 U.S. 392, 399 (1976)(quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).

The fact that a federal district court had jurisdiction over an earlier suit does not give it jurisdiction over a subsequent

2

attempt to enforce the settlement agreement resolving that earlier suit.  See Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 378-379 (1994).  As the court in Kokkonen states, "[n]either . . . Rule [41(a)(1)(ii)] nor any provision of law provides for jurisdiction of [a federal district] court over disputes arising out of an agreement that produces the stipulation [for dismissal]," adding that "[e]nforcement of [a] settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  Id. at 378.

Here, plaintiff offers no independent basis for subject matter jurisdiction, nor can the court find one.  Plaintiff alleges no violation of federal statute or constitutional right, thus implicating  28 U.S.C. § 1331.  In addition, "§ 1331 does not by its own terms waive sovereign immunity and vest in district courts plenary jurisdiction over . . . suits against the United States."  Sibley v. Ball, 924 F.2d 25, 28 (1st Cir. 1991).  The Tucker Act, at 28 U.S.C. § 1346(a)(2), extends federal district court jurisdiction over contract suits against the United States where the amount in controversy is less than $10,000.  However, plaintiff has not stated what portion of the settlement he feels to be still due; it may well exceed the

3

$10,000 limit. Furthermore, he has requested consequential and/or punitive damages of $50,000, placing the case well outside federal district court jurisdiction under the Tucker Act. Claims against the federal government in the amount asserted by Mr. Mitchell generally must be brought in the U.S. Court of Federal Claims, and not in the federal district courts. See 28 U.S.C. § 1491(a)(1).

Consequently I recommend that the complaint (document no. 1) be dismissed for lack of subject matter jurisdiction. I further recommend that it be dismissed without prejudice, should Mr. Mitchell choose to refile here for a sum of less than $10,000, or to pursue his claim in the U.S. Court of Federal Claims.

Any objection to this report and recommendation must be filed within ten days of receipt of this notice. Failure to file an objection within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4,6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: October 20, 1997

cc: James R. Mitchell, pro se

4