Bowe v. Robinson                              CV-97-326-JD   11/17/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

John Edward Bowe

    v.                                          Civil No. 97-326-JD

Dennis Robinson


## REPORT AND RECOMMENDATION

Pro se plaintiff John Edward Bowe is a New York prisoner currently incarcerated in Gouvenor, N.Y. On July 2, 1997, Mr. Bowe filed this 42 U.S.C. § 1983 action, in forma pauperis, against Dennis Robinson, the superintendent of the Carroll County Jail, in Ossipee, N.H. Plaintiff seeks money damages for alleged constitutional violations during his incarceration there between October 30, 1993 and July 23, 1994. Defendant is being sued in both his official and personal capacities. Plaintiff alleges constitutional violations arising from the overcrowded condition of the jail, exposure to second-hand cigarette smoke, and denial of access to the courts. The case is before this court for preliminary review pursuant to United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) and 28 U.S.C. § 1915A. For the reasons stated below, I recommend dismissal of plaintiff's overcrowding and court access claims, and the entire suit against defendant in his official capacity.

**Discussion**

1. Overcrowded and Inadequate Facilities

Plaintiff's first claim is that overcrowded and inadequate facilities at the Carroll County Jail gave rise to conditions of confinement that were unsafe, unhealthy, and cruel, in violation of his Eighth Amendment rights. Specifically, he alleges that for nine months he was kept with three other inmates in an eight by ten foot cell that was inadequately lit and ventilated. He further alleges that the plumbing had no temperature control, so that tap water was either frigid or scalding, that he was given inadequate winter shoes, that these conditions promoted illnesses among the inmates, and that the staff was not responsive to requests for medical attention.

The Eighth Amendment protects prisoners from punishments which "'involve the unnecessary and wanton infliction of pain' or are grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (citations omitted). These principles apply to the conditions of a prisoner's confinement and require that the conditions within a prison comport with "contemporary standard[s] of decency" to provide inmates with "the minimal civilized measure of life's necessities." Id. at 347; see also Farmer v. Brennan, 511 U.S. 825, 832 (1994)(explaining that both the treatment of prisoners

and the conditions of their confinement are subject to scrutiny under the Eighth Amendment).  And so, while "'the Constitution does not mandate comfortable prisons,'" it also "does not permit inhumane ones."  Id. (quoting Rhodes, 452 U.S. at 349); see generally Rhodes, 452 U.S. at 347-49 (explaining how restrictive, even harsh, conditions that do not inflict unnecessary pain or disproportionate punishment are constitutional).

To state a claim for an Eighth Amendment violation challenging the conditions of confinement, plaintiffs must contend both that the punishment inflicted was "cruel and unusual," i.e., that the deprivation sustained was objectively "sufficiently serious," and that the official who administered the punishment was "deliberately indifferent" to the inmate's needs when the deprivation occurred.  See Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991) (holding that an Eighth Amendment claim has both an objective and a subjective component); see also DesRosiers v. Moran, 949 F.2d 15, 18-19 (1st Cir. 1991) (applying Wilson's objective/subjective test to an Eighth Amendment claim for denial of necessary medical care).  A challenged condition of confinement may be "sufficiently serious" standing alone or in combination with other conditions, "but [if in combination] only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food,

3

warmth, or exercise. . .." <u>Wilson</u>, 501 U.S. at 304. An official is "deliberately indifferent" to the effect the conditions are having on inmates when the official is actually aware of the substantial risk of serious harm the conditions are creating. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-37 (1994) (defining "deliberate indifference" as requiring the official to be both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [to] also draw the inference"). Thus, there is no Eighth Amendment claim simply because prison conditions are objectively inhumane; rather the claim arises only when officials <u>inflict</u> "cruel and unusual punishment" by knowing of and disregarding "an excessive risk to inmate health or safety." <u>Id.</u> at 837, 838 (holding that the official must be subjectively aware of the risk before constitutional liability attaches).

Here, the conditions alleged by plaintiff are not sufficiently serious to support an Eighth Amendment claim. While Mr. Bowe describes living conditions that are uncomfortable or even harsh, he does not allege a deprivation of a basic human need or a situation where there is an excessive risk to inmate health or safety. The mere existence of harsh living conditions does not suffice to support a cause of action under the Eighth Amendment. <u>See</u> <u>Rhodes</u>, 452 U.S. at 347. A ratio of four inmates

4

per cell may be uncomfortable but it does not by itself endanger safety or health. Similarly, inadequate lighting or excessively hot or cold tap water may be nuisances, but they do not threaten basic human needs. As to the denial of medical care, plaintiff alleges few facts to support the claim; furthermore, the few facts alleged indicate inattention to the comfort of the inmates, and not indifference to serious medical needs. Consequently, plaintiff states no valid Eighth Amendment claim arising from overcrowded and inadequate facilities, and I recommend that this claim be dismissed.

2. Environmental Tobacco Smoke

Plaintiff asserts a second Eighth Amendment claim, that defendant, with deliberate indifference, exposed plaintiff to levels of environmental tobacco smoke ("ETS") that posed an unreasonable risk of serious harm to his future health. Specifically, plaintiff alleges that he was held for nearly nine months in a poorly ventilated cell block comprising five individual cells and inhabited by over fifteen men. He further alleges that he was one of only "a couple" of nonsmokers among the inhabitants; most were heavy smokers who were permitted to smoke at will in the cells. The alleged result was a perpetual cloud of tobacco smoke thick enough to cause many corrections officers to choke upon entering the block. Plaintiff states that

5

he frequently complained to no avail to his jailers about the foul atmosphere, and further states that his jailers admitted to him many times that environmental tobacco smoke was hazardous. Finally, plaintiff asserts that in November 1995 he was diagnosed with an unspecified "chronic lung disease" that he attributes to his exposure to environmental tobacco smoke.

Exposure to environmental tobacco smoke can support a valid cause of action arising under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 35 (1993). In Helling, the Supreme Court determined that prolonged exposure to ETS was sufficiently serious to invoke the Eighth Amendment's protections in that it created a serious risk of future harm. Id. at 34. See also Wilson, 501 U.S. at 298, 303.

Here, plaintiff states that he was exposed for nearly nine months to high levels of ETS, that he frequently complained to the authorities about the air quality in the cell block, and that the jail administration was well aware of the hazards of second-hand smoke, yet did nothing. He also offers specific facts in support of these statements. Since plaintiff alleges both conditions that created a serious risk of future harm, and deliberate indifference on the part of the defendant to those conditions, he states a valid § 1983 cause of action based upon the Eighth Amendment.

6

3. Court Access

Plaintiff's third claim is that during his stay at the Carroll County Jail he was denied access to the courts in violation of his constitutional rights. Specifically, he states that he had no opportunity to use a law library, and was unable to obtain extradition papers that he had requested. He also states that he was represented by counsel through the Public Defender's Office.

Plaintiff enjoys a fundamental right to access the courts see Bounds v. Smith, 430 U.S. 817, 821 (1977). No particular method of accessing the courts is mandated, however, so long as inmates can petition the court to attack their sentences or challenge the conditions of their confinement. See Lewis v. Casey, __ U.S. __, 116 S. Ct. 2174, 2180 (1996). To state a claim for denial of access to the courts, an inmate must allege that he has suffered an "actual injury" from the alleged denial, by "demonstrat[ing] that the alleged shortcomings . . . hindered [his] efforts to pursue a legal claim." Id. at 2179-80.

Here, plaintiff has neither alleged facts supporting a denial of access, nor has he indicated that any harm was suffered. He states that he was represented by counsel during the time he was held at the Carroll County Jail. Representation by counsel satisfies plaintiff's right to meaningful access. See

7

<u>Lewis</u> at 1280.   In addition, plaintiff does not allege that he was in any way harmed by the lack of access to a law library.   He does not indicate that he sought to challenge the basis or conditions of his confinement or that he was unable to do so. Consequently, with no denial of access, and no harm suffered, plaintiff states no cause of action under § 1983 for denial of access to the courts.

4. Sovereign Immunity

Plaintiff is suing defendant in both his official and personal capacities.   He is seeking only money damages.   However, a defendant in his official capacity may not be sued for money damages under 42 U.S.C. § 1983.   Neither a state nor an official acting in his official capacity is a "person" under § 1983 relative to suits for money damages.   <u>See</u>  <u>Hafer v. Melo</u>, 502 U.S. 21 (1991); <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989).   Consequently, plaintiff does not state a claim against defendant in his official capacity upon which relief may be granted, and I recommend that the suit against defendant in his official capacity be dismissed.

## Conclusion

Upon preliminary review of the complaint (document no. 1), I recommend that all claims against defendant in his official capacity be dismissed.  See 28 U.S.C. 1915A(b) and LR 4.3(d)(2)(A).  In addition, I recommend that plaintiff's claim of unconstitutional overcrowding and denial of court access be dismissed.  See id.

Any objection to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4,6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:   November 17, 1997

cc:     John Edward Bowe, pro se