Rubacky v. Morgan Stanley          CV-03-328-B    12/31/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Tricia L. Rubacky,
      Plaintiff

      v.                                  Civil No. 03-328-B
                                          Opinion No. 2003 DNH 227
Morgan Stanley Dean
Witter Credit Corporation,
      Defendant


                    **REPORT AND RECOMMENDATION**


      Plaintiff's "Urgent Motion for Injunction and Protection"

was filed on December 29, 2003, and referred to me for a report

and recommendation.  It was also served on defense counsel by

mail on December 29.



                          **Background**

      Plaintiff initiated this pro se suit by filing a "Motion for

Preliminary Injunction" on July 30, 2003 (document no. 4).  That

motion requested that defendant be enjoined from foreclosing on

plaintiff's home.  The motion was referred to me for a hearing

and recommendation.  In an August 4, 2003, Report and

Recommendation, I found that plaintiff was unlikely to succeed on

the merits on any of the five grounds advanced and recommended

that the request for injunctive relief be denied (document no. 10). The Report and Recommendation was approved after consideration of the objection (document no. 3). A request to reconsider that order was declined on August 18, 2003.

At the August 4 hearing, plaintiff also admitted that no mortgage payments had been made for nine (9) months as the money was used to pay medical expenses. She also complained that the foreclosure notice listed her prior male name. The latter, in fact, was necessary since she granted the mortgage and took title in that male name.

At the preliminary pretrial, defense counsel indicated that plaintiff's actions were impeding the consummation of the foreclosure sale. Plaintiff, for her part, complained that the purchasers, at foreclosure, were interfering with her peace and enjoyment of the house. Since defense counsel had filed no motion and the purchasers were not parties to the suit, no action was taken by the court.

Since the date of the pretrial, the purchasers at the first foreclosure sale have refused to complete the sale. See document no. 41, Exhibit C. The original motion/complaint (document no.

2

4) has never been amended by plaintiff so plaintiff's claims are the same as those existing on August 4.

## Discussion

Plaintiff's new "Urgent Motion" is not supported by any affidavit. It should not be considered as an ex parte request for temporary restraining order under Fed. R. Civ. P. 65(b), therefore, the time to respond to the "urgent" motion by defendant is not until January 20, 2003. Nevertheless, since plaintiff apparently is expecting a foreclosure in the near future[1] and, since her motion is facially insufficient, I am considering the motion without benefit of a response.

Paragraph "1" of the motion is a restatement of allegations and arguments made in her first effort at an injunction. Those claims were considered and rejected by the prior Report and Recommendation and prior orders. Any request to reconsider or appeal them is time barred.

Paragraph "2" related to allegations concerning Morgan Stanley's mutual funds actions, actions of the individuals who

---

[1] Since January 4, 2003, is a Sunday, it is unlikely that any foreclosure is scheduled for that date.

3

successfully bid at the first foreclosure, the friendliness of plaintiff's puppy, tactics of defense counsel, attempted cancellation of her homeowner's policy and unsubstantiated fears of arson. These allegations bear no relevance to plaintiff's cause of action and four of them relate to individuals who are not parties to the case. None of these allegations, if true, would serve as a basis to enjoin the foreclosure.

Paragraph "3" again relates to persons who are not parties to this suit and the allegations provide no basis for an injunction against defendant.

The allegations in paragraph "4" related to a "hold back at closing" which has already been litigated and rejected. (Document no. 10, ¶ C).

Paragraph "5" relates to the bond requirement, if an injunction were to issue. Since I do not recommend an injunction, nor even a hearing on one, the bond issue is not relevant.

Plaintiff is over $20,000 in default on her mortgage. She has not alleged any facts in her motion which would, even if true, entitle her to enjoin the foreclosure sale under either New Hampshire or federal law. I recommend the motion be denied.

4

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

December 31, 2003

cc:  Tricia L. Rubacky, pro se
     Victor Manougian, Esq.