**FREIGHTLINER LLC, Plaintiff(s)**

v.

**PUERTO RICO TRUCK SALES, INC./Freightliner de Puerto Rico d/b/a Freightliner Truck Sales and Services, et al., Defendant(s)**

**MCNEILUS FINANCIAL, INC., Intervener.**

**No. CIV.04–1950(JAG).**

United States District Court, D. Puerto Rico.

Nov. 12, 2004.

216

Richard M. Graffam–Rodriguez, Thomas J. Code–Osorio, for Plaintiff.

Javier Lopez–Perez, Diego A. Ramos, San Juan, PR, for Defendants.

### ORDER GRANTING PRELIMINARY INJUNCTIVE RELIEF

GARCIA–GREGORY, District Judge.

Because no objections to the Report and Recommendation were filed within the prescribed time limits, the Court hereby **ADOPTS** the Magistrate–Judge's Report and Recommendation in its entirety. (Docket No. 18). Accordingly, the Court **GRANTS** Plaintiff's request for a preliminary injunction. (Docket No. 3).

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

That the defendants and/or their successors, agents, servants, employees, and attorneys, and those persons in active concert and participation with them, who receive actual notice of this Temporary Restraining Order, by personal service or otherwise, be and are hereby **TEMPORARILY ENJOINED** from taking any action to obtain possession of the fourteen (14) Freightliner trucks with the following Vehicle Identification Numbers (VIN) currently under the custody of the U.S. Customs Service, in a warehouse in Puerto Rico:

# 3ALABUCS53DL63266
# 3ALABUCS73DL63267
# 3ALABUCS93DL63268
# 3ALABUCS03DL63269
# 3ALABUCS73DL63270
# 3ALABUCS93DL63271
# 3ALABUCS03DL63272
# 3ALABUCS23DL63273
# 3ALABUCS43DL63274
# 3ALABUCS63DL63275
# 3ALABUCS83DL63276
# 3ALABUCSX3DL63277
# 3ALABUCS13DL63278
# 3ALABUCS33DL63279.

This preliminary injunction shall remain in effect throughout the pendency of this litigation.

**IT IS SO ORDERED.**

### REPORT AND RECOMMENDATION

VELEZ–RIVE, United States Magistrate Judge.

On September 13, 2004, plaintiff Freightliner LLC. ("Freightliner") filed a Verified Complaint claiming breach of contract, lack of good faith and fair dealing, damages and collection of monies under Articles 1054, 1061 and 1206 et seq. of the Puerto Rico Civil Code, Tit. 31 P.R. Laws

Annotated §§ 3018, 3025, 3371 et seq., against Puerto Rico Truck Sales ("PRTS"), United Capital & Leasing of Puerto Rico, Luis Carreras (as president of PRTS), Manuel Carreras (as principal and/or owner of PRTS), and José Torres (as business partner of Mr. Carreras). Plaintiff seeks, pursuant to FRCP 57 and the Declaratory Judgment Act, 28 USC §§ 2201–2202, a declaratory judgment concerning a principal-distributor relationship which was formed with PRTS in 1996. In addition, plaintiff moves the Court for a temporary restraining order, a preliminary injunction and an order to show cause enjoining PRTS from taking any action directed at obtaining possession of fourteen (14) Freightliner trucks currently under the custody of the U.S. Customs in a Puerto Rico warehouse. Plaintiff avers it terminated its relationship with PRTS on September 10, 2004 because, among other contract breaches, PRTS illegally shipped into Puerto Rico eighteen (18) Freightliner trucks. Plaintiff contends PRTS has failed to carry out its obligations as Freightliner's distributor and such failures have had a substantial and negative effect upon Freightliner. Thus, plaintiff claims it had "just cause" to terminate its distributor relationship with PRTS under the Puerto Rico Dealers Act (Law 75). Finally, plaintiff maintains PRTS sent to Freightliner over one million dollars in checks without sufficient funds and has failed to provide payment of over $1,832.709.00. (Docket No. 1).

On the same day, plaintiff filed an Urgent Motion for Temporary Restraining Order, Preliminary Injunction, Order to Show Cause and Memorandum in Support with several exhibits based on the same grounds alleged in the Verified Complaint.

Plaintiff claims it satisfies all four (4) prongs for the granting of a preliminary injunction in this case, namely: it will likely succeed on the merits; there is a substantial risk of irreparable harm absent a preliminary relief; the balance of hardships weighs in its favor; and the injunction serves the public interest.[1] (Docket No. 3).

On September 14, 2004, the Court issued a Temporary Restraining Order ("TRO") temporarily restraining defendants from taking any action to obtain possession of the fourteen (14) Freightliner trucks in issue, currently under the custody of the U.S. Customs Service and/or the shipper Internship in a warehouse in Puerto Rico, to expire on September 28, 2004 at 11:59 PM. In addition, the Court ordered defendants to show cause on September 22, 2004 before this Magistrate Judge as to why an Order should not be issued granting plaintiff's request for preliminary injunctive relief, thereby extending the terms of the TRO throughout the pendency of this litigation. Finally, defendants were ordered to file a memorandum of law with supporting documents in opposition to the issuance of a preliminary injunction on or before September 17, 2004 at 5:00 PM. (Docket No. 9).

On September 20, 2004, McNeilus Financial Inc. filed a Intervener's Complaint pursuant to FRCP 24 and a Memorandum in Support thereof. McNeilus asserts defendants placed an order for fourteen (14) McNeilus refuse packer bodies to be mounted on the Freightliner truck chassis for each of the fourteen (14) trucks. Defendants agreed to pay $425,950.00 before taking possession of the fourteen (14) refuse packer body Freightliner truck chassis. Nonetheless, payment was refused by

---

**1.** See *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir.1996); *ESSO Standard Oil Co. (Puerto Rico) v. Mujica Cotto,* 327 F.Supp.2d 110, 129–130 (D.P.R. 2004).

the bank when the modified trucks were already in transit to Puerto Rico. The fourteen (14) trucks are in Puerto Rico and defendants have failed to pay McNeilus for mounting the refuse packer bodies onto the fourteen (14) Freightliner truck chassis. Accordingly, McNeilus claims it has proprietary rights over the fourteen (14) trucks and qualifies to intervene in this case. (Docket No. 9 and 10).

After requesting a brief extension of time, defendants filed their Motion in relation to the issuance of the TRO asserting the TRO enjoining the possession of the fourteen (14) Freightliner trucks introduced into Puerto Rico and detained by U.S. Customs is not objectionable. Defendants maintain the Freightliner trucks are "illegal" because plaintiff released the trucks for re-fitting by a third party in Mexico and further importation into Puerto Rico knowing the trucks did not comply with U.S. Customs requirements. Defendants claim the TRO and the preliminary injunction are unnecessary because, after finding the trucks are non compliant, defendants will not attempt to take possession of the trucks until plaintiff "federalizes" the units and makes them suitable for importation into the United States. Finally, defendants allege plaintiff's preemptive filing is "the last phase of its scheme to impair and terminate Defendant's rights under the Puerto Rico Dealers Act (commonly known as 'Law 75')." (Docket No. 12).

The show cause hearing was held today before this Magistrate Judge. Plaintiffs were represented by attorneys Richard Graffam and Thomas J.Code; defendants were represented by attorneys Ramón Dapena and Javier López–Pérez; and the intervener was represented by attorney Diego A. Ramos.

■ The Court had referred to this Magistrate Judge the issue of the Intervener's Complaint filed by McNeilus Financial, Inc. (Docket No. 10 and 11). During the hearing held today, all parties indicated having no objection to the intervener's request. A review of McNeilus Intervener's Complaint shows it complies with the four (4) requirements for intervention of FRCP 24(a) inasmuch the application is timely; McNeilus has a direct interest in the subject matter of this action; the disposition of the action may impede McNeilus ability to protect that interest; and none of the existing parties would adequately represent McNeilus' interests. See *State v. Director, U.S. Fish and Wildlife Service*, 262 F.3d 13, 17 (1st Cir.2001). Accordingly, the Motion to Intervene was granted today in a separate Order and the Clerk's Office was ordered to file said complaint. (Docket No. 17).

Defendants indicated, as to the preliminary injunction, they have no objection to the same. Defendants stated they are in conversations with plaintiffs trying to reach an agreement to "federalize" the fourteen (14) trucks and make them compliant with U.S. Customs requirements.

■ Plaintiffs expressed the preliminary injunction should prevail and in fact confirmed they are in negotiations with defendants to reach an agreement as to the "federalization" of the trucks in question. Plaintiffs informed that, if an agreement is reached, and the trucks are released, they will then bring up to the Court the issue of possession of the trucks.

Plaintiff's unopposed request for a preliminary injunction complies with the four (4) requirements for the issuance of same inasmuch plaintiff is substantially likely to succeed on the merits; there is a significant risk of irreparable harm absent preliminary relief; the balance of hardships weighs in plaintiff's favor; and the injunction serves the public interest. See *Ross–*

*Simons,* 102 F.3d at 15; *ESSO,* 327 F.Supp.2d at 129–130.

Accordingly, it is recommended that plaintiff's request for a preliminary injunction be GRANTED, thereby extending the terms set forth in the TRO throughout the pendency of this litigation.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

Sept. 22, 2004