Duquette v. Les Dolecal, et al.        CV-04-281-SM  03/08/05

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Randy J. Duquette


   v.                                      Civil No. 04-281-SM
                                            Opinion No. 2005 DNH 041
Les Dolecal, et al.


<u>**REPORT AND RECOMMENDATION**</u>



Plaintiff Randy J. Duquette, an inmate at the New Hampshire State Prison, alleges in this civil rights action that the Defendants have violated his First Amendment rights under the United States Constitution by requiring him to attend a Sex Offender Program ("SOP") that uses religiously-based methods. The Court now has for consideration the Plaintiff's motion for a preliminary injunction to prevent interference with his legal mail, spoliation of evidence and witness tampering (document nos. 8 and 11). Defendants filed an objection. The motion was referred to me to review and to prepare a report and recommendation. The Court held a two-day evidentiary hearing on December 17, 2004 and March 3, 2005. For the reasons set forth herein, the Court finds that injunctive relief is not warranted.

## I. Interference With Legal Mail

Plaintiff alleges that since he filed this lawsuit the Defendants have interfered with his legal mail. The Court examined all of the correspondence from the Plaintiff in the court's file and determined that, with the exception of the complaint and a letter that the Plaintiff alleges he sent on December 11, 2004, every other document that Plaintiff sent to the court had arrived within two days of being sent. Therefore, the Court finds that Plaintiff has not demonstrated that injunctive relief is warranted on his mail interference claim.

## II. Spoliation of Evidence

Plaintiff alleges that the Defendants have removed and destroyed evidence that would support his claim that the SOP uses religiously-based methods. In particular, Plaintiff alleges that the Defendants removed and destroyed banners with religious-based content from the walls in the SOP area after Plaintiff filed this lawsuit. Plaintiff cites as evidence a banner that previously hung on the wall with the word "Faith," and a banner with the words "The Longest Journey Begins With A Single Step."

Defendants do not dispute that the banners Plaintiff cites were on the walls in the SOP area, along with other banners with

the words "Trust" and "Accountability," and that those banners were taken down after three days. Defendants contend, however, that the banners have a secular purpose and were taken down because they had been put up without prior approval contrary to the prison's protocol. Defendants demonstrated that the banners in question had not been destroyed, as Plaintiff alleged, but rather were in the custody of Judy Mann, an SOP counselor. Ms. Mann displayed the banners in court during her testimony. The Court finds that Plaintiff has not demonstrated that Defendants have destroyed evidence, and that injunctive relief is not warranted on Plaintiff's spoliation of evidence claim.

III. Witness Tampering

The last issue that the court considered was the Plaintiff's allegation that the Defendants have engaged in witness tampering. Plaintiff alleges that inmates in the SOP, including Robert Montgomery, have been forced to take polygraph examinations to determine whether they had spoken to Plaintiff about the subject of this lawsuit. While other inmates testified at the hearing, Robert Montgomery was not present. Another inmate, James Trautwein, testified that both he and Montgomery were required to take a polygraph examination to determine whether they had

3

disclosed information about an inmate who was removed from the SOP.[1]  Trautwein did not indicate that the examination contained questions pertaining to this lawsuit.  Plaintiff's allegation regarding Defendants' use of the polygraph to tamper with witnesses has not been substantiated.

Three of Plaintiff's witnesses, inmates Robert Justus, James Trautwein and William Edmondson, testified that the members of the SOP staff use coercive and abusive tactics.  But none of those witnesses indicated that they were told either directly or indirectly that they should not testify in this case or that they should alter their testimony.

William Edmondson testified that he felt intimidated by other inmates in the SOP because of his willingness to speak to the Plaintiff about the subject of this lawsuit.  Edmondson testified that other inmates have accused Plaintiff of trying to have the SOP taken away.  Edmondson also testified that an SOP staff member named Ruth or Kim Kravacas commented that Edmondson had been "running his mouth about the program" after she learned that he would be appearing as a witness in this case.  According

_____

[1]SOP participants are required to sign confidentiality agreements wherein the participants agree to not disclose personal clinical information about other SOP participants.

4

to Edmondson, Kravacas ordered him to report everything that occurred in court to her and to his SOP group after he returned from court. Edmondson took these comments as indicative that some form of retaliation might be forthcoming because of his willingness to testify.

While the Court finds Edmondson's testimony credible, and has warned the Defendants not to retaliate against any of the witnesses in this case, it does not appear to the Court that the evidence presented demonstrates that the Defendants have engaged in witness tampering. Accordingly, the Court finds that Plaintiff has not demonstrated that injunctive relief is required to prevent witness tampering.

Much of the evidence that Plaintiff presented during the hearing went to the underlying merits of this lawsuit. Based on what was presented, there appears to be little doubt that religiously-based teachings are, as Plaintiff contends, a fundamental and essential part of the SOP. Therefore, it appears to the Court that the Plaintiff is likely to succeed on the merits of his underlying claim. For purposes of consideration of the issues presented at the evidentiary hearing, however, the Court finds that Plaintiff has not demonstrated that interim

5

injunctive relief is warranted.  Therefore, the Court recommends that the motion for a preliminary injunction (document nos. 8 and 11) be denied.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:   March 8, 2005

cc:     Randy J. Duquette, pro se
        Mary E. Maloney, Esq.