**Berenice SUEIRO VAZQUEZ et al., Plaintiffs,**

v.

**Enid TORREGROSA DE LA ROSA, et al., Defendants.**

**Civil No. 02–2674 (JAG).**

United States District Court, D. Puerto Rico.

Feb. 6, 2008.

---

262

John F. Nevares, Carlos R. Ramirez, John F. Nevares & Assoc. PSC, San Juan, PR, for Plaintiffs.

Carlos E. Lopez–Lopez, Glorianna S. Hita–Valiente, Marie L. Cortes–Cortes, Zuleika Llovet–Zurinaga, Anabel Franceschini–Rosa, Francisco Rios–Rivera, Llovet Zurinaga & Lopez, PSC, Hato Rey, PR, for Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

JAY A. GARCIA–GREGORY, District Judge.

Upon de novo review of the record and since no timely objections were filed, the Court adopts the Report and Recommendation. Accordingly, the Court grants Plaintiffs' MOTION for Attorney Fees and Expenses as modified in the Report and Recommendation. As such, Defendants are hereby ordered to pay Plaintiffs $76,244.75 in attorney's fees and $9,786.15 in expenses.

## REPORT AND RECOMMENDATION

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

On October 28, 2005, after eleven (11) days of trial, a jury returned a verdict in favor of plaintiffs Berenice Sueiro–Vazquez and Wilfredo Aponte in the case of reference. The jury found that plaintiffs' First Amendment and Due Process rights were violated when they were terminated from employment because of their political beliefs and without a pre-termination hearing. The jury awarded Sueiro $200,000.00 in compensatory damages for the violation of her First Amendment rights; $100,000.00 in compensatory damages for violations to Article 1802 of the Puerto Rico Civil Code; and $50,000.00 in compensatory damages because Sueiro had a property interest in her employment and, thus, was entitled to a pre-termination hearing.

As to plaintiff Aponte, the jury awarded $140,000.00 in compensatory damages for the violation of his First Amendment rights; $30,000.00 in compensatory damages for violations to Article 1802 of the Puerto Rico Civil Code; and $20,000.00 in compensatory damages because Aponte had a property interest in her employment and, thus, was entitled to a pre-termination hearing.

Plaintiffs have filed a "Motion for Attorney's Fees and Expenses" **(Docket No. 206)** with corresponding attachments and attorneys' declarations and a "Memorandum of Law in support of Plaintiffs' Motion for Fees and Expenses." In essence, plaintiffs claim that, as the prevailing party in their claims, they are entitled to attorneys' fees and expenses under Title 42, *United States Code,* Section 1988. Plaintiffs submit in support of their request, two (2) declarations under penalty of perjury of counsel John F. Nevares and Carlos R. Ramirez, and multiple documents in support of their request for reimbursement for the itemized litigation expenses. Attorneys Nevares and Ramirez claim in their motion an award of attorneys' fees in the amount of $82,514.75 and $16,019.73, respectively, in expenses. Plaintiffs seek payment for 185.80 hours worked by counsel Nevares at a rate of $265.00 per hour for out-of-court work and $285.00 per hour for in-court work and 188.35 hours worked by counsel Ramirez at a rate of $165.00 per hour for out-of-court work and $185.00 per hour for in-court work. (Docket No. 207).

Defendants Enid Torregrosa de la Rosa, Elizabeth Sola and Veronica Alvarez filed a "Motion in Opposition to 'Motion for Attorneys' Fees and Expenses' and 'Memorandum of Law in support of Plaintiffs' Motion for Fees and Expenses." Defendants contend plaintiffs are not entitled to recover a fully compensatory fee because plaintiffs "success" in this case was partial; plaintiffs are not entitled to recover attorneys' fees under Puerto Rico law; and, plaintiffs' request was not properly submitted. In the alternative, defendants aver the attorneys' fees are excessive and several of the fees requested are improper and should be reduced. **(Docket No. 208).**

The Court has referred to the undersigned United States Magistrate Judge the above pleadings for report and recommendation. (Docket No. 209 and 210).

## APPLICABLE LAW

Under the so-called American Rule, parties are ordinarily required to bear their own attorney's fees and the prevailing party is not entitled to collect from the loser. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). There are, however, exceptions to the American Rule against fee shifting.

It must be kept in mind that the court has considerable discretion in denying an award of attorney's fees to a prevailing defendant, even after a finding of frivolity. *Tang v. R.I., Dep't of Elderly Affairs*, 163 F.3d 7, 15 (1st Cir.1998) (holding that the district court retains significant discretion in reducing or denying an award of attorney's fees after considering all the nuances of the particular case notwithstanding a finding of frivolity); *see Andrade v. Jamestown Hous. Auth.*, 82 F.3d 1179, 1193 (1st Cir.1996).

Finally, to calculate a reasonable amount of attorney's fees, the court must determine the hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir.2001). Under this lodestar approach, the trial judge is supposed to calculate the time spent by counsel, subtracting duplicated, unproductive and excessive hours, and then apply the prevailing rates in the community taking into account the experience, qualifications and competence of the attorneys involved. *Id.* In fashioning the award, the records submitted by the attorneys are usually the starting point, but the court's determination is by no means circumscribed to what the attorneys submit is the time spent or the rate they charge. *Id.* It is the duty of the court "to winnow out excessive hours, time spent tilting at windmills, and the like." *Id.* at 296 (citing *Coutin v. Young & Rubicam P.R., Inc.*, 124 F.3d 331, 337 (1st Cir.1997)).

## ANALYSIS

There is no doubt plaintiffs are the "prevailing party" in this case and their claim for attorneys' fees is therefore governed by the statutory mandate, 15 U.S.C. 414 § 1692k (a)(3), being entitled to fees for work "reasonably expended" to further the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Defendants' arguments to the contrary are unpersuasive and unfounded.

 We must now determine whether the award requested is reasonable. To calculate a reasonable amount of attorney's fees, the court must determine the hours reasonably expended in the litigation, multiplied by a reasonable hourly rate. *Gay Officers*, 247 F.3d at 295; *Coutin*, 124 F.3d at 337 ("The lodestar method is the strongly preferred method by which district courts should determine what fees to award prevailing parties in actions that fall within the ambit of section 1988."). In addition, under the lodestar approach, the hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

As stated above, attorneys Nevares and Ramirez claim in their "Motion for Attorney's Fees" an award of attorneys' fees in the amount of $82,514.75 and $16,019.73, respectively, in expenses. Plaintiffs seek payment for 185.80 hours worked by counsel Nevares at a rate of $265.00 per hour

for out-of-court work and $285.00 per hour for in-court work and 188.35 hours worked by counsel Ramirez at a rate of $165.00 per hour for out-of-court work and $185.00 per hour for in-court work. (Docket No. 207).

We note that attorneys Nevares and Ramirez submitted documentation, including itemized billing to substantiate the dates of the work performed, a description of the type of work carried out and the time invested, and other documents in support thereof. In addition, they submitted two (2) declarations under penalty of perjury from each counsel providing detailed information regarding their years of experience and education. The record further shows plaintiffs' attorneys have diligently and tenaciously litigated the claim herein for the benefit of their clients. As such, they claim the hourly billing rates for counsel Nevares at a rate of $265.00 per hour for out-of-court work and $285.00 per hour for in-court work and for counsel Ramirez at a rate of $165.00 per hour for out-of-court work and $185.00 per hour for in-court work, are reasonable and have been recently approved in other actions before this Court and other jurisdictions.

██ After reviewing plaintiffs' submission, and since defendants have not mounted a properly supported challenge to the reasonableness of the fee calculation, we find the hourly fees claimed by plaintiffs' counsel are appropriate and consonant with their experience and qualifications.

██ In addition, after a thorough analysis of the documents submitted in support of plaintiffs' request for fees and expenses, we see no reason to reduce the awards requested, except for the following amounts:

1. Attendance by counsel Ramirez to the taking of the depositions of Aponte, Sueiro, Astrid Cappas and Enid Torregrosa, page 8 of Exhibit 2 to Docket No. 206, claiming eight (8) hours for each deposition are not recoverable costs under the Taxation of Costs Guidelines of this Court. Accordingly, thirty two (32) hours at a rate of $165.00, that is $5,280.00, shall be reduced from the attorneys' fees claimed amount.

2. Plaintiffs filed five (5) motions requesting extensions of time to file an opposition to defendants' motion for summary judgment, pages 16 and 17 of Exhibit 2 to Docket No. 206, claiming one (1) hour for the preparation of the first four motions for extension of time and .40 for the last extension of time for a total of 4.40 hours. A review of the content of these motions for extension of time (Docket Nos. 39, 40, 42, 43 and 47) shows they are boiler plate one (1) to two (2) pages motions which do not entail the amount of time allotted by plaintiffs' counsel. Thus, the amount claimed for this portion is excessive and is reduced to one (1) hour for the preparation of the five (5) motions for extension of time. Accordingly, 3.40 hours of the work of attorney Ramirez at $165.00 shall be reduced, for a total reduction of $561.00 from the attorneys' fees claimed amount.

3. Similarly, plaintiffs filed two (2) motions requesting extensions of time to file objections to a report and recommendation, page 23 of Exhibit 2 to Docket No. 206, claiming three (3) hours for the preparation of these motions. A review of the content of these motions for extension of time (Docket Nos. 74 and 76) shows they are boiler plate short motions which do not entail the amount of time allotted by plaintiffs' counsel. Thus, the amount claimed for this portion is excessive and is reduced to .40 for the drafting of

both motions for extension of time. Accordingly, 2.60 hours of the work of attorney Ramirez at $165.00 shall be reduced, for a total reduction of $429.00 from the attorneys' fees claimed amount.

4. Trial transcript expenses of $1,565.30, page 38 of Exhibit 2 to Docket No. 206, obtained for the convenience of counsel or for appeal purposes are not taxable as costs pursuant to the Taxation of Costs Guidelines of this Court. As such, the amount of $1,565.30 shall be reduced from the expenses' claimed amount.

5. Deposition transcript expenses of $3,080.77, pages 37–38 of Exhibit 2 to Docket No. 206. The taxation of Costs Guidelines of this Court provide that as a general rule, costs incurred in taking depositions will be taxed in favor of the prevailing party when the depositions are introduced as evidence, used at trial or in a successful motion for summary judgment. When a deposition transcript is not introduced as evidence but special circumstances warrant it, deposition costs may be taxed as costs. Absent introduction into evidence of the deposition, the prevailing party must show that the deposition was relied upon for cross-examination or impeachment purposes, or show that the deposition was necessary at the time it was taken. The costs incurred will normally not be allowed unless the prevailing party furnishes evidence that the deposition was reasonably necessary to the development of the case at the time the deposition was taken. Depositions taken solely for discovery or preparation purposes are not taxable as costs. Plaintiffs' counsel have failed to show the purpose and use of the deposition transcripts for which they are claiming $3,080.77 in expenses. Accordingly, plaintiffs have not properly justified this amount and have not produced any evidence supporting the same. As such, the amount of $3,080.77 shall be reduced from the expenses' claimed amount.

6. Westlaw expenses for $1,358.35, postage for $87.46, delivery service for $80.00, and courier service (Express Mail) for $61.70, page 38 of Exhibit 2 to Docket No. 206. The Taxation of Costs Guidelines of this Court stated that miscellaneous expenses such as messenger services, facsimiles, telephone charges, postage, stamps, parking and computerized legal research charges are all out-of-pocket expenses and are not generally allowable as costs. Accordingly, the amount of $1,587.51 shall be reduced from the expenses' claimed amount.

In view of the above, it is recommended that the amount claimed in attorneys' fees ($82,514.75) be reduced by $6,270.00 and the amount claimed in expenses ($16,019.73) be reduced by $6,233.58.

Therefore, after considering the principles set forth in *Coutin v. Young & Rubicam P.R., Inc.*, 124 F.3d at 337, it is recommended to the Court that plaintiffs be entitled to an award of attorneys' fees in the amount of $76,244.75 and expenses in the amount of $9,786.15.

## CONCLUSION

In view of the foregoing, it is recommended that plaintiffs' Motion for Fees and Expenses and the Memorandum of Law in support thereof (Docket No. 206 and 207) be GRANTED, as modified above, for a payment by defendants to plaintiffs in the amount of $76,244.75 in attorneys' fees and in the amount of $9,786.15 in expenses.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete*, 792 F.2d 4(1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

IT IS SO RECOMMENDED.