**Jose Reyes REYES Petitioner**

v.

**UNITED STATES of America Respondent.**

**No. CIV. 05–1841(PG).**

United States District Court, D. Puerto Rico.

March 1, 2006.

José Reyes–Reyes, White Deer, PA, Pro se.

Nelson Pérez–Sosa, AUSA, Torre Chardon San Juan, PR, for Respondent.

## ORDER

PEREZ–GIMENEZ, District Judge.

Upon careful review of the Magistrate Judge's Report and Recommendation ("R&R")—to which no objections were filed—the Court hereby **APPROVES** and **ADOPTS** the Magistrate Judges R&R and Denies petitioner's motion (Docket No. 1.) Judgment shall be entered dismissing the case.

## REPORT AND RECOMMENDATION

VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

On August 4, 2005, petitioner José Reyes–Reyes filed a *pro-se* motion, affidavit and memorandum in support of a 28 U.S.C. § 2255 petition seeking to vacate his conviction and sentence imposed after a guilty plea in Criminal No. 99–330(PG). Petitioner submits that the two (2) points enhancement for the firearm was a jurisdictional defect that his attorney failed to raise on appeal and, as such, a violation of the Sixth Amendment of the United States Constitution upon being deprived of effective assistance of counsel. (**Docket No. 1**). The § 2255 petition was referred to this Magistrate Judge for report and recommendation. (**Docket No. 3**).

On November 2, 2005, the United States filed its Response to petitioner's motion for post-conviction relief (**Docket No. 6**).

## PROCEDURAL BACKGROUND

Above petitioner was charged in two (2) separate indictments and for purposes of the plea and sentence the matter was consolidated. Count One of the Indictment in Criminal No. 99–330(PG) charged petitioner, together with other co-defendants, with a conspiracy to possess with intent to distribute in excess of five (5) kilograms of cocaine [1] and with possession of a weapon during and in relation to a drug trafficking crime (Count Two of Criminal No. 99–330). In Criminal No. 01–127, petitioner was charged in Count One with attempt to possess with intent to distribute controlled substances.[2]

On September 9, 2002, petitioner entered a guilty plea pursuant to a written

---

1. The indictment charged a conspiracy from January 1997 up to March 4, 1997, where cocaine was transported from Puerto Rico to New York and New Jersey utilizing airport employees to load luggage containing cocaine directly on the airplanes. Count Two of Criminal No. 99–330 was dismissed after sentencing.

2. The charges in Count One were attempt to possess with intent to distribute controlled substance on or about March 13, 2001. Counts Two and Three of Criminal 01–127 were dismissed.

Plea Agreement ("the Agreement"). A Rule 11 hearing was entertained by the Court as to Count One of Criminal No. 99–330 and Count One of Criminal No. 01–127. On January 31, 2003, defendant was sentenced to a term of imprisonment, as to both counts he plead guilty to, of one hundred and twenty (120) months as to each count to be served concurrently, a supervised release term of five (5) years, and a special monetary assessment of one hundred dollars ($100) per count, for a total of two hundred dollars ($200).

## LEGAL ANALYSIS

### A. The Two Point Firearm Enhancement was a Jurisdictional Defect.

Petitioner argues in the *pro-se* claim that, since the firearm charges of each indictment were dismissed, imposition of a two (2) point enhancement at sentencing was an additional punishment and thus, a jurisdictional defect. Petitioner does not refute that counsel objected at sentencing to the two (2) point enhancement related to the weapons nor that his counsel filed an *Anders*[3] brief on appeal as he had requested from him.

A review of the record shows that the sentencing Court took into account the weapons' enhancement in its calculations despite defense counsel's objections and the government's withdrawal of accountability for the weapon in the plea negotiations. The sentencing Court reasoned that, since it was not bound by the Agreement and from defendant's own statements of knowing that there was a pistol inside the suitcase at the time the drugs transaction was being carried out, it would take into account the calculations with the weapons' enhancement. (Transcript 1–31–2003, p. 8).

The Sentencing Guidelines governing petitioner's sentencing provides for a two-level upward adjustment for possession of firearm since the incident giving rise to adjustment was part of relevant conduct of offense to which Guidelines attached. U.S.S.G. §§ 1B1.3(a)(1, 2), 2D1.1(b)(1), 3D1.2(d).[4] *See David v. United States,* 134 F.3d 470 (1st Cir.1998).

Additionally, the sentencing enhancement was imposed over counsel's objection because the sentencing Court found the facts sufficient to satisfy the lesser burden of proof required for the enhancement and there was sufficient evidence connecting the drug offenses to the weapon found inside the luggage. The Court stated that knowing that a weapon was inside the suitcase, "... for all we know if something would have happened, defendant could open the suitcase and use it to protect himself and the drug shipment of fifteen kilos". (Transcript *id.*).

▇ Thus, no jurisdictional defect to the two (2) point enhancement at sentencing for the firearm was present and petitioner's claim as to this matter are without merit.

---

**3.** *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (requiring counsel to accompany a request to withdraw with "a brief referring to anything in the record that might arguably support the appeal").

**4.** U.S.S.G. § 2D1.1(b)(1) instructs sentencing courts to increase the defendant's sentence by two levels "[i]f a dangerous weapon (including a firearm) was possessed" during the manufacturing, importing, exporting, trafficking, or possession of illegal drugs or attempt or conspiracy of any of these offenses. U.S.S.G. § 2D1.1(b)(1) (2001). Under Application Note 3, the guidelines state: "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. n. 3.

## B. Ineffective Assistance of Counsel on Appeal.

Petitioner claims his counsel was ineffective for failure to argue on appeal the two (2) point enhancement for the firearm in violation of his Sixth Amendment rights to proper assistance of counsel.

A claim of ineffective assistance of counsel should first address this petitioner's non-compliance with the requisites in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. *See also López–Nieves v. United States*, 917 F.2d 645, 648 (1st Cir.1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." *United States v. Natanel*, 938 F.2d 302, 309 (1st Cir.1991). The "range of reasonable professional assistance" is quite wide. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* Pursuant to *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052 counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms.

■ Petitioner claims his counsel failed to renew the objection to the enhancement on appeal. We note that neither the government's response to the petition nor petitioner's brief offer any reasons to suspect that this was other than a deliberate strategic decision or that petitioner reasonably could have expected to succeed in an appellate challenge to the trial court's fact-based determination in support of the enhancement. *See United States v. Vega–Encarnacion*, 914 F.2d 20, 24 (1st Cir. 1990) (explaining that a sentencing court's assessment of the factual record will be set aside only if "clearly erroneous"), *cert. denied*, 499 U.S. 977, 111 S.Ct. 1626, 113 L.Ed.2d 723 (1991); *see also Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993) (explaining elements needed to sustain a claim of ineffective assistance of counsel).

In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance. As such, a review of the record and above discussion, as to the absence of a jurisdictional ground to vacate the sentence due to the two (2) point enhancement, show petitioner's claims of ineffective assistance of counsel remain unsubstantiated.

Thus, from an examination of the available criminal record, the Rule 11 transcript, and the sentencing proceedings, this Magistrate Judge cannot find that defense counsel's performance was ineffective for not discussing the two point enhancement on appeal.

## C. Evidentiary hearing.

Petitioner's sole contention in this Section 2555 petition is that the sentencing enhancement for the firearm was improper. Petitioner in this case did not go to a trial by jury but instead made a change of plea pursuant to an Agreement. The Agreement included a provision that petitioner made admissions, subsequent to his arrest, and after admonishment of his constitutional rights, that he delivered to two (2) individuals a suitcase full of money and was to retrieve fifteen (15) kilograms of cocaine in exchange. He also knew there

was a gun inside of the suitcase. (Plea Agreement, p. 4).

Furthermore, based on petitioner's admissions in the Agreement, his own statements, and the information of the presentence report, it was clear he knew that a weapon was inside the suitcase, as determined by the Court at the sentencing hearing. (Transcript 1–31–2003, pp. 7–8). Accordingly, the two (2) level role in the offense enhancement was proper and counsel cannot be deemed ineffective for failure to argue on appeal against same.

 A prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right. *See United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993). Even if a hearing is requested, a district court properly may forgo it when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations "need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *Id.* at 225–26 (citation omitted); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings. *David v. United States,* 134 F.3d at 477–478.

 Since even if accepted as true, petitioner's allegations of impropriety or ineffective assistance because of the two (2) level enhancement for the firearm would not entitle him to relief, no evidentiary hearing is warranted.

### CONCLUSION

In view of the foregoing, it is recommended that petitioner's § 2255 BE DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

February 1, 2006.