**SOUTHWIRE COMPANY,**
et al., Plaintiffs,

v.

**RAMALLO BROTHERS PRINTING,**
**INC., et al., Defendants.**

Civil No. 03–1100 (GAG–CVR).

United States District Court,
D. Puerto Rico.

March 11, 2008.

Carlos A. Valldejuly-Sastre, Mauricio O. Muniz-Luciano, Jorge A. Rullan Marin, O'Neill & Borges, San Juan, PR, for Plaintiffs.

Carlos R. Ramirez, Curbelo, Baerga & Quintana Law Office, Rafael A. Toro-Ramirez, Toro & Arsuaga, Jean Paul Vissepo-Garriga, San Juan, PR, Jose A. Bague-Soto, Rivera Tulla & Ferrer, Hato Rey, PR, for Defendants.

## OPINION AND ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

GUSTAVO A. GELPI, District Judge.

This case arises out of the decade-long alleged release of hazardous substances and disposal of other wastes by Defendants, Ramallo Brothers Printing, Inc.; Caribbean Forms Manufacturers, Inc.; Esteban Ramallo Díaz; Angel Ramallo Díaz; Ingrid Ramallo Díaz; Aida Ramallo Díaz; Aida Díaz de Ramallo; and the Estate of Esteban Ramallo González (herein-after collectively "Ramallo")[1] on property in Canóvanas, Puerto Rico (hereinafter the "Site") owned by Plaintiffs, Southwire Company; Southwire International Corporation; and Heptagon, Limited (hereinafter collectively "Southwire").

Ramallo moved for partial summary judgment on Southwire's Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601–9675, claims. Ramallo's motion asserts that Southwire's CERCLA claims fail because Southwire lacks evidence of a release or threatened release of hazardous waste at the Site. Ramallo bases its motion exclusively on the Criminal Plea Agreement dealing with Ramallo's activities at the Site.[2] The court referred the motion to Magistrate Judge Camille L. Vélez–Rive for a report and recommendation.

Magistrate Judge Vélez–Rive concluded that genuine issues of material fact precluded summary judgment on Southwire's CERCLA claims and recommended that the court deny Ramallo's motion. More specifically, she held that Southwire's documentary evidence, including a United States Environmental Protection Agency Administrative Settlement Agreement and Order on Consent for Removal Action ("EPA Order"), raised genuine issues of material fact regarding the release of hazardous substances on the Southwire property. Ramallo objected to the report and recommendation on two grounds. First,

---

1. The Third Amended Complaint also names Ramallo Screws & Bolts, Inc. and Ramallo Casting, Inc. as defendants. See Docket No. 150. Both are currently in default. See Docket No. 354.

2. Ramallo relies upon the following language in the Criminal Plea Agreement:

    The owner's inspection was done by an environmental firm as a Phase I review of the site. The environmental firm documented evidence of past open burning of industrial waste, abandoned electrical transformers, empty and leaking drums, solvents and petroleum products. Labeling on the drums included "Blue Ink", "Yellow Ink" and other chemicals used in the manufacture of pigments for printing inks. These materials were industrial waste and not hazardous waste under federal law.
    Criminal No. 07–449(JAF), Docket No. 3, ¶ 12(A).

they argue that Magistrate JudgeVélez–Rive erroneously concluded that Ramallo's evidence does not exclude the presence of hazardous substances at the site. Second, Ramallo challenges Magistrate Judge Vélez–Rive's reliance on the EPA Order; Ramallo contends that the EPA document constitutes inadmissible double hearsay. Southwire also objected to the report and recommendation, albeit on one narrow ground. Southwire objected only to Magistrate Judge Vélez–Rive's omission of an attorney's fees award in its favor.

After reviewing de novo the objected-to portions of the report and recommendation, the court agrees with Magistrate Judge Velez–Rive's conclusions with some qualifications. Accordingly, the court hereby **MODIFIES** and **ADOPTS** the report and recommendation (Docket No. 429) and **DENIES** the motion for partial summary judgment (Docket No. 363).

## I. Standard for Reviewing Magistrate Judge's Report and Recommendation

A district court may refer dispositive motions to a Magistrate Judge for a report and recommendation. 28· U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. R. 72(a). Any adversely affected party may contest the report and recommendation by submitting written objections within ten days of being served with the report and recommendation. If a party timely objects, the court must "make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the Magistrate Judge's findings and recommendations." *Id.*

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden to demonstrate the lack of evidence to support the non-moving party's case and to show that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322, 325, 106 S.Ct. 2548; *Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000); *Vega–Rodríguez v. P.R. Tel. Co.*, 110 F.3d 174, 178 (1st Cir.1997). After the moving party has satisfied this burden, the onus passes to party opposing summary judgment to demonstrate a genuine issue regarding a material fact. *Santiago–Ramos*, 217 F.3d at 52; *Cortés–Irizarry v. Corporación Insular*, 111 F.3d 184, 187 (1st Cir.1997). "An issue is genuine if it may reasonably be resolved in favor of either party at trial, and material if it posses[es] the capacity to sway the outcome of the litigation under the applicable law." *Iverson v. City of Boston*, 452 F.3d 94, 98 (1st Cir.2006) (alteration in original) (citations and internal quotation marks omitted).

## III. Discussion

■ Ramallo objects to Magistrate Judge Vélez–Rive's recommendation that the court deny its motion for summary judgment on Southwire's CERCLA claims. After conducting a de novo review, the court agrees with Magistrate Judge Vélez–Rive's conclusion that the existence of triable issues of fact preclude the entry of summary judgment in Ramallo's favor. The admissible evidence in the record reveals a genuine issue regarding, at a minimum, the presence of hazardous substances at the Site. The court further concludes that Ramallo fails to demonstrate its entitlement to judgment as a matter of law because it anchors its sum-

mary judgment motion upon an erroneous statement of the applicable law.

■ A plaintiff seeking relief under CERCLA Section 107(a) or Section 113(f) must prove a release or threatened release of a hazardous substance.[3]  42 U.S.C. §§ 9607(a)(4), 9601(14), 9601(22); *see also Acushnet Co. v. Mohasco Corp.*, 191 F.3d 69, 75 (1st Cir.1999); *cf. B.F. Goodrich Co. v. Murtha*, 958 F.2d 1192, 1201 (2d Cir.1992) ("Liability under CERCLA depends only on the presence in any form of listed hazardous substances."). The release or threatened release of hazardous substances is sufficient to support a CERCLA claim; CERCLA does not require a showing of the presence of hazardous waste at a site. Ramallo now concedes this point, *see* Docket No. 449, ¶¶ 7–8, but argues that Southwire submitted no admissible evidence to demonstrate the presence of hazardous substances or hazardous waste at the Site. The court disagrees.

Magistrate Judge Vélez–Rive's report and recommendation summarized the evidence with which Southwire supports its summary judgment opposition. She definitively addressed the admissibility of only one exhibit—the EPA Order. She determined that the EPA Order is admissible as a public record. She concluded that the EPA Order alone generated a triable issue regarding the presence of hazardous substances at the Site and prevented the entry of summary judgment. The court agrees.

■ Notwithstanding Ramallo's objections, the court concludes that the EPA Order is subject to the public records exception to the hearsay rule. *See* Fed. R.Evid. 803(8). As Magistrate Judge Vélez–Rive noted, the EPA Order is "an official document of a federal agency" and its reliance on other documentation does not make the EPA's findings unreliable or inadmissible at this stage. Docket No. 429, p. 9. The EPA Order noted the presence of hazardous substances at the Site. *See* Docket No. 408, Exh. D, ¶¶ 21–22, 26, 31–32. Additionally, as Magistrate Judge Vélez–Rive stated, the Criminal Plea Agreement, Ramallo's only exhibit, "does not necessarily exclude the issues now raised in this civil lawsuit." Docket No. 429, p. 9. None of the statements in the Criminal Plea Agreement preclude the possibility that hazardous substances were found at the Site. The Criminal Plea Agreement relies upon only initial Site investigations and does not reflect the findings of subsequent investigations. Moreover, the document limits the terms of the agreement "to [the United States and Ramallo Brothers Printing, Inc.] and cannot bind any other federal authority, or any state of local authority." Criminal No. 07–449(JAF), Docket No. 3, ¶ 19. Consequently, Ramallo overstates the significance of the Criminal Plea Agreement in this civil action. The court, therefore, affirms Magistrate Judge Vélez–Rive's finding that genuine issues of material fact prevent the entry of summary judgment in Ramallo's favor.[4]

3.  Plaintiffs assert claims pursuant to Sections 113(f)(1), 113(f)(B), and 113(g)(2), 42 U.S.C. §§ 9613(f)(1), (f)(3)(B), (g)(2), and Sections 107(a)(2), 107(a)(3), and 107(a)(4)(B), 42 U.S.C. §§ 9607(a)(2), (a)(3), (a)(4)(B).

4.  Magistrate Judge Vélez–Rive could have concluded that triable issues of fact remain based entirely upon Southwire's Exhibit B-a September 15, 2000 letter sent by the EPA to Ramallo. *See* Docket No. 408, Exh. B. This letter, the admissibility of which Ramallo does not challenge, states, "[The] EPA has documented the release or threatened release of hazardous substances into the environment at the Southwire facility." *Id.* at p. 1. The letter continues, "[W]e have reason to believe that Ramallo [ ] was an owner and/or operator of the Site at the time that hazardous substances were disposed of there." *Id.* at p. 2. The contents of the letter, therefore, generate triable issues of fact and preclude summary judgment.

The court recognizes another basis not articulated by Magistrate Judge Vélez–Rive on which to deny Ramallo's motion for partial summary judgment. Summary judgment is only appropriate if Ramallo shows that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Rivera–Torres v. Rey–Hernández,* 502 F.3d 7, 13 (1st Cir.2007). As Magistrate Judge Vélez–Rive noted, the court may grant an unopposed motion for summary judgment only if the moving party's uncontested facts and other evidentiary facts of record demonstrate an entitlement to judgment as a matter of law. *See Rivera–Torres,* 502 F.3d at 13. Even if Southwire had failed to oppose Ramallo's motion, denial would have been the correct course. Regardless of whether factual disputes exist, Ramallo's summary judgment motion fails as a matter of law. Ramallo fails to demonstrate its entitlement to judgment as a matter of law because it bases its motion on an inaccurate statement of the law.

Ramallo's original summary judgment motion misstates the applicable law and, consequently, does not demonstrate that Ramallo is entitled to judgment as a matter of law. A review of Ramallo's summary judgment reveals the sole basis of the motion; Ramallo contends summary judgment is warranted because Southwire lacks evidence of a release or threatened release of hazardous waste, a purported *sine qua non* element of a CERCLA claim. Here, the court restates Ramallo's recitation of the relevant law with citations:

A plaintiff seeking cost recovery under § 9607 or contribution under § 9613 of CERCLA must prove that (1) the defendant falls within one of the four categories of covered entities (i.e. is a current or past owner or operator, a transporter, or an arranger); (2) a "release or threatened release" of *hazardous waste* involving the defendant's facility occurred; (3) the release or threatened release caused the incurrence of response costs by the plaintiff; and (4) the plaintiff's costs were "necessary costs of response ... consistent with the national contingency plan." 42 U.S.C. § 9607; *Acushnet Co. v. Mohasco Corp.,* 191 F.3d 69, 75 (1st Cir.1999).

Docket No. 363–2, p. 7 (emphasis added).

Ramallo's recitation uses the term "hazardous waste" notwithstanding the explicit use of "hazardous substances" in the cited statute and case. *See* 42 U.S.C. § 9607 (including in CERCLA "covered persons" definition those who dispose of *"hazardous substances"* at any facility (emphasis added)); *Acushnet,* 191 F.3d at 75 ("There must have been a 'release or threatened release' of a *hazardous substance* from defendant's facility." (emphasis added)). A cursory review of CERCLA reveals the significance of Ramallo's revision. Under CERCLA, hazardous waste and hazardous substance are not synonymous. Hazardous waste is a subset of hazardous substances. *See* 42 U.S.C. § 9601(14) (defining hazardous substance). All hazardous waste contains hazardous substances. All hazardous substances, however, do not constitute hazardous waste. Accordingly, the release or threatened release of hazardous waste is not a *sine qua non* element of a CERCLA claim, and Ramallo's motion fails to demonstrate its entitlement to judgment as a matter of law. Ramallo's motion ignores the possibility of the release of hazardous substances not constituting hazardous waste.[5] Given that the presence of haz-

---

**5.** To the extent that Ramallo address this issue in its reply, it does so too late. The court's local rules strictly limit the content of a reply memorandum to "new matter raised in the objection or opposing memorandum." D.P.R. L. Cv. R. 7.1(c). A litigant may not use a reply to rehash old arguments or to assert

ardous substances is sufficient to support a CERCLA claim, Ramallo's omission dooms its partial summary judgment request. By incorrectly stating the applicable law, Ramallo fails to carry its burden to demonstrate its entitlement to judgment as a matter of law. Summary judgment is denied.

The court declines Southwire's invitation to impose attorney's fees as a sanction.

## IV. Conclusion

In light of the foregoing, the court **MODIFIES** and **ADOPTS** the report and recommendation (Docket No. 429) and **DENIES** the motion for partial summary judgment (Docket No. 363).

**SO ORDERED.**

## REPORT AND RECOMMENDATION

CAMILLE L. VELEZ RIVE, United States Magistrate Judge.

## INTRODUCTION

Defendants, Ramallo Bros. Printing, Inc., Caribbean Forms Manufacturers, Inc., Esteban Ramallo Díaz, Angel Ramallo Díaz, Ingrid Ramallo Díaz, Aida Ramallo Díaz, Aida Díaz de Ramallo and the Estate of Esteban Ramallo Gonzalez (hereinafter the "Ramallo defendants") filed a Partial Motion for Summary Judgment limited to those claims filed by plaintiffs under CERCLA[1] **(Docket No. 363).** Plaintiffs Southwire Company, Southwire International Corp. and Heptagon, Ltd. (hereinafter the "Southwire plaintiffs") filed their Opposition to Defendants' Motion for Summary Judgment **(Docket No. 400).** Southwire filed a reply after having requested and being granted leave **(Docket No. 426).** The Court has referred above motions to this Magistrate Judge for report and recommendation. **(Docket No. 364).**

## BACKGROUND

The Southwire plaintiffs filed their Third Amended Complaint against the Ramallo defendants, premised on having bought a certain real property subject of environmental contamination allegedly as a result of releases of hazardous substances and the disposal of other wastes at the site resulting from defendants' operations.

As a result of the Southwire plaintiffs' allegations of having suffered substantial damages and incurred in significant expenses due to the contamination of the site, the Ramallo defendants were sued, among other causes of actions, for retribution and recovery under CERCLA so as to recover costs or damages for being the previous operators and/or owners of the site at the time of disposal of hazardous substances and contributed therein to the past and present handling, storage, treatment, transportation or disposal of solid wastes or hazardous substances. See Third Amended Complaint **(Docket No. 150).**

The Ramallo defendants had previously filed a Motion to Dismiss **(Docket No. 160),** which was ruled upon by the Court by Opinion and Order dated December 22, 2006. **(Docket No. 220).** The Court in

---

arguments it could and should have presented in an earlier memorandum. *See In re One Bancorp Sec. Litig.*, 134 F.R.D. 4, 10 n. 5 (D.Me.1991) (acknowledging, under analogous Maine local rule, court generally will not address argument raised for first time in reply memorandum); *cf. Latin Am. Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church*, 499 F.3d 32, 41 (1st

Cir.2007) (noting appellate court does not consider issues raised for first time in reply brief).

1. Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9613(f)(1), 0613(f)(3)(B), 9613(g)(2); 9607(a)(2), 9607(a)(3) and 9607(a)(4)(B).

denying the motion to dismiss found the complaint was sufficiently well-pled to pass Rule 12(b)(6) muster under CERCLA.

The Ramallo defendants thereafter filed their request for partial summary judgment of the Southwire plaintiffs' CERCLA claim grounded in that the U.S. Government had determined the materials found at the site in controversy were industrial waste and not hazardous waste under federal law, that the Southwire plaintiffs had failed to properly oppose the summary judgment under Local Rule 56(c) upon having accepted the Ramallos defendants' statement of material facts and qualifying the fourth statement with generic references to four exhibits in violation of the anti-fenret doctrine. Additionally, the Ramallo defendants submit the Southwire plaintiffs' opposition makes reference to exhibits which are inadmissible in violation of the hearsay rule, reports whose authors are unknown and based on a certification of a person who lacks personal knowledge of the information he attested to in said exhibits.

The Ramallo defendants' main contention, however, is that summary disposition of CERCLA claims becomes appropriate for there is no cause of action when no hazardous substances are involved and only industrial waste has become an issue on the site, there being no genuine issue of facts in dispute in regard to the lack of presence of an hazardous substance.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there

is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." *Vega–Rodríguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir.1997). After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." *Cortés–Irizarry v. Corporación Insular*, 111 F.3d 184, 187 (1st Cir.1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id.* Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id.*

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." *Maldonado–Denis v. Castillo–Rodríguez*, 23 F.3d 576, 581 (1st Cir.1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood...." *Greenburg v. Puerto Rico Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir.1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir.1997).

Finally, when considering this motion, unsettled issues of motive and intent as to the conduct of any party will normally preclude the Court from granting summary judgment. *Mulero–Rodríguez v.*

*Ponte, Inc.,* 98 F.3d 670, 677 (1st Cir.1996) (reversing summary judgment and emphasizing that "determinations of motive and intent ... are questions better suited for the jury") (internal quotation marks omitted) (citation omitted); *see also Tew v. Chase Manhattan Bank, N.A.,* 728 F.Supp. 1551, 1555 (S.D.Fla.1990) ("Certain issues such as fraud, intent, and knowledge lend themselves to trial, rather than summary judgment. These matters can often only be proved by reliance upon circumstantial evidence except in the rare case where there is uncontroverted proof of a 'smoking gun.' "). However, "even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences [or] unsupported speculation." *Ayala–Genera v. Bristol Myers–Squibb Co.,* 95 F.3d 86, 95 (1st Cir.1996).

## LEGAL DISCUSSION

In *Cooper Industries, Inc. v. Aviall Services, Inc.,* 543 U.S. 157, 125 S.Ct. 577, 160 L.Ed.2d 548 (2004), the Supreme Court of the United States ruled that a CERCLA contribution claim, similar to the one asserted in this case, was subject to certain statutory requirements. *See Esso Standard Oil Co. (Puerto Rico) v. Rodríguez,* 455 F.3d 1 (2006). Thus, in order to maintain a CERCLA claim against defendants Ramallo, plaintiff Southwire must meet these requirements.

### A. The Ramallo defendants' Uncontested Facts.

The Ramallo defendants' summary judgment and issues of uncontested facts show that:

1. On August 29, 1969, the Southwire plaintiffs purchased approximately 47 acres of land located in Canóvanas, Puerto Rico, from the Fajardo Eastern Sugar Associates. Southwire operated said property (referred hereinafter as "the Site") for drawing and stranding electrical conductive wire and cable. *See Third Amended Complaint* at ¶¶ 19 and 21, (Docket 150).

2. The Ramallo defendants leased the Site from Southwire and/or operated the Site from approximately 1985 to 1999. *Id.* at ¶ 22.

3. In November 1998, in connection with the potential sale of the property, Southwire conducted an inspection of the site. Southwire found abandoned drums, stained soil, and trash/debris throughout the property. *See Plea Agreement, at p. 5, U.S. v. Ramallo Bros. Printing, Inc., Criminal No. 07–____, filed on September 21, 2007 in the District Court for the District of Puerto Rico.*

4. An environmental firm performed investigative activities, at Southwire's request, to determine the nature and extent of any surface or subsurface environmental contamination present at the Site. *Id.* at ¶ 32. The environmental firm documented evidence of past open burning of industrial waste, abandoned electrical transformers, empty and leaking drums, solvents and petroleum products. Labeling on the drums included "Blue Ink", "Yellow Ink" and other chemicals used in the manufacture of pigments for printing inks. These materials were industrial waste and not hazardous waste under federal law. *See Plea Agreement,* at pp. 5–6, *U.S. v. Ramallo Bros. Printing, Inc., Criminal No. 07–____, filed on September 21, 2007 in the District Court for the District of Puerto Rico.*

### B. The Southwire plaintiffs' Opposition and Uncontested Facts.

Southwire does not contest above statements ¶¶ 1–3. As to statement ¶ 4, Southwire indicates there is no genuine issue of material fact, except it qualifies the initial environmental survey of the site and does

not reflect the full extent of the contamination later found to be present at the site. Plaintiff submits reference to Exhibits B, C, D and E in that hazardous substances and hazardous wastes were found at the site.

The Southwire plaintiffs argue CERCLA does not require the presence of hazardous waste (not hazardous substances) as a *sine qua non* element of liability. A plaintiff seeking redress thereunder may establish liability upon the presence in any form of listed hazardous substance not necessarily as argued by the Ramallo defendants the presence of industrial or hazardous waste.

The documents presented by the letter from the U.S. Environmental Protection Agency ("EPA") to Ramallo Bros. Printing, Inc., and Angel Ramallo as its President, dated September 15, 2000, make reference to having documented the release or threatened release of hazardous substances into the environment at the Southwire facility. The attachment provides for definitions of hazardous substance as set forth in Section 101(14) of CERCLA, 42 U.S.C. Section 9601(14). The substances which have been designated as hazardous substances pursuant to Section 102(a) of CERCLA (which in turn, comprise a portion of the substances that fall within the definition of "hazardous substances" under Section 101(14) of CERCLA) are set forth at 40 C.F.R. Part 302. *See* EPA letter, at B, definitions ¶ 3.

Above described EPA letter refers to "hazardous waste", "disposal" and "storage" as having the meaning set forth in Sections 1004(3), (5) and (33) of the Re-source Conservation and Recovery Act ("RCRA"), 42 U.S.C. Sections 6903(3), (5) and (33), respectively. *Id.* ¶ 4. At ¶ 5 it defines the term "industrial waste" to mean solid, liquid or sludge or any mixture thereof which possesses *any* of the following characteristics: (a) it contains one or more "hazardous substances" (at any concentration) as defined in 42 U.S.C. Section 9601(14); (b) it is a "hazardous waste" as defined in 42 U.S.C. Section 6903(5); (c) it has a Ph less than 2.0 or greater than 12.5; (d) it reacts violently when mixed with water; (e) it generates toxic cases when mixed with water; (f) it easily ignites or explodes; (g) it is an industrial waste product; (h) it is an industrial treatment plant sludge or supernatant; (I) it is an industrial byproduct having some market value; (j) it is coolant water or blowdown waste from a coolant system; (k) it is a spent product which could be reused after rehabilitation; or (1) it is any material which you have reason to believe would be toxic if either ingested, inhaled or placed in contact with your skin.

The document entitled Overview of Site Activities prepared on April 5, 2000, by Williams Environmental Services, Inc., for Southwire refers to sample collection at the site for laboratory analysis by Lake Engineering, Inc. of Atlanta, Georgia. Of the seven soil samples collected on November 5, 1998, as represented in attached Table 1, all samples revealed detectable concentrations in parts per billions and parts per million ranges of tetrachloroethene,[2] lead, other metals, water samples revealed oil and grease concentrations and lead, and barium.[3] *See* Overview Report

---

**2.** Tetrachloroethene is a regulatory synonym for perchloroethylene. *See* 40 C.F.R. Sec. 302–4 (table).

**3.** 40 C.F.R. 302.4, in its definition of hazardous substances include lead and compounds, barium, other metals and tetrachloroethene.

Lead is an hazardous substance. *Otay Land Co. v. U.E. Ltd., L.P.,* 440 F.Supp.2d 1152 (S.D.Cal.2006); *A & W. Smelter & Refiners, Inc. v. Clinton,* 146 F.3d 1107, 1110 (1998) (lead in any amount is an hazardous substance).

¶ 3.0. Previous site activities which originated the EPA's intervention included open burning of identified waste and burial of drummed wastes.

The Administrative Settlement Agreement and Order on Consent for Removal Action between EPA, Southwire Int. Inc., Heptagon, Ltd. and Southwire Co. in regards to the site which comprises the 47 acres in Canóvanas, which had been leased to the Ramallo defendants since 1982 through 1998, states the site conditions constitute an actual or threatened "release" of a hazardous substance as defined by CERCLA and as to the presence of hazardous substances or pollutants or contaminants in drums, barrels, tanks, or other bulk storage containers.[4] *See* Administrative Settlement ¶¶ 25, 30, 32.

The Removal Action Final Report refers to empty drums, three transformer carcasses, 55 gallons drums of bulked ink/pain solid and debris, 55 gallon of bulked petroleum, organic solvents and waste oils; and 85 gallons overpacks of damaged or leaking drums as being associated with activities that occurred at the site during the Ramallo era. *See* Final Report, Section A.

Removal of a total of 69 drums recovered in one of the areas at the site, found four of these drums were found characteristically hazardous, the content of two of the drums were determined to be ignitable waste and one of the drums were determined to be corrosive and the remaining drums were to be toxic for selenium. Forty nine of the drums contained solid waste, including, red, yellow and blue ink stained rags. Final Report, Section 2, 2.2.1.2.3

A review of above, raises genuine issues of disputed facts which would preclude summary judgment to be appropriate in regard to CERCLA claims. Although the Southwire plaintiffs could have exercised a more detailed and engaged in adequate cross-reference work of the attachments included with their opposition to properly oppose the Ramallo defendants' request for summary judgment, as a matter of right, summary disposition is not appropriate at this juncture. Even an unopposed motion for summary judgment is not granted since the moving party's uncontested facts and other evidentiary facts of record must still show it would be entitled to summary judgment.[5]

The available evidence shows the presence of disputed issues as to the hazardous substances at the site and not merely industrial waste as the Ramallo defendants aver with their request for summary disposition of the Southwire plaintiffs' CERCLA claims.

Furthermore, the Ramallo defendants have included in support of their request for summary judgment documents related to plea negotiations between defendant Ramallo Bros. Printing in a criminal action insofar as violations to making false statements to EPA's requests under CERCLA and to the Environmental Quality Board in regards to the disposal of liquid waste. The statement therein, in that the materials under investigation were industrial

---

**4.** CERCLA regulates the designated hazardous substances however insignificant the amount. *See U.S. v. JG–24, Inc.,* 478 F.3d 28 (1st Cir.2007) citing *Acushnet Co. v. Mohasco Corp.,* 191 F.3d 69, 76 (1st Cir.1999).

**5.** *See Rivera Torres v. Rey Hernández,* 502 F.3d 7 (1st Cir.2007) (even an unopposed motion for summary judgment should not be granted unless the record discloses there is no genuine issue as to any material fact and movant is entitled to judgment as a matter of law); *see also Vélez v. Awning Windows, Inc.,* 375 F.3d 35 (1st Cir.2004) (even when faced with an unopposed motion for summary judgment, a court still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted); *and see Torres Rosado v. Rotger–Sabat,* 335 F.3d 1 (1st Cir.2003).

waste and not hazardous waste under federal law being related to discarded and unused ink regularly taken to the site for disposal, does not necessarily excludes the issues now raised in this civil lawsuit, although may be grounds as to the existence of conflicting evidence that a trier of facts would need to assess.

The Ramallo defendants' reply to the Southwire plaintiffs' opposition submits lack of personal knowledge of the facts attested by the affiant precludes the documents to be held admissible. Although on one hand, this submission of not admissibility would be applicable to exhibits C, report prepared by Williams Environmental and with reference therein to the samples conducted and referred as performed by Lake Engineering, without knowledge of who prepared either of these reports, on the other hand, the Administrative Order, Exhibit D, Consent entered by EPA is an official document of a federal agency. The reliance therein to any other documentation in said official document does not make the findings of the administrative agency unreliable or inadmissible at this stage. As to this document, even the Ramallo defendants aver Rule 803 of Evidence would make such document admissible. Insofar as Exhibit E, which purports to identify the tests performed at the site during clean-up, the Ramallo defendants submit that, since the identity of same is unknown and the certification by John C. Stephens lacks personal knowledge of these events, the document should not be admissible.

The Ramallo defendants' illustration to the Court that, although all hazardous waste is considered an industrial waste but not all industrial waste is considered hazardous waste, does not contravene the official document by EPA insofar as the existence of hazardous substances at the site and the existence of genuine issues of material facts in controversy that would trig-ger CERCLA claims. As such, even if we were only to consider this document in support of opposition to summary judgment, and having same raised genuine issues of material facts in controversy in regard to hazardous substance, it would not warrant summary disposition.

In light of the above discussed, and in light of the fact that there are genuine issues of facts in controversy, it is recommended that the Ramallo defendants' Motion for Partial Summary Judgment (**Docket No. 363**) be DENIED.

## CONCLUSION

In light of the above discussed, it is recommended that the Ramallo defendants' Motion for Partial Summary Judgment (**Docket No. 363**) be DENIED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia*, 792 F.2d 4 (1st Cir. 1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

IT IS SO ORDERED.

Jan. 10, 2008.